## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: PACKAGED ICE ANTITRUST LITIGATION | Case No. 2:08-md-01952-PDB<br>MDL No. 1952 |
| THIS DOCUMENT RELATES TO:<br>All Direct Purchaser Actions | Honorable Paul. D. Borman |

**PLAINTIFFS MARIN SCOTTY'S MARKET, INC. AND HAMID AMINI DBA AMINIS' BY THE BAY'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE DIRECT PURCHASER CLASS; MEMORANDUM OF LAW IN SUPPORT; CERTIFICATE OF SERVICE**

## **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION…………………………………..   1

MEMORANDUM OF LAW...........................................................................   2

I.      INTRODUCTION …………………………………………………   2

II.     BACKGROUND …………………………………………………   3

III.    ARGUMENT …………………………………………………   5

      A. Appointment Of Interim Class Counsel To Represent The
      Class Is Appropriate …………………………………………   5

      B. TATP Will Fairly And Adequately Represent The Interests
      Of The Proposed Plaintiff Class ……………………………….   6

          1.   TATP  Is Experienced In Handling Antitrust Class
          Actions And Complex, Multidistrict Litigation ……………   6

          2.   TATP Has Already Done Substantial Work And Has Taken
          Significant Steps To Advance The Litigation ……………….   10

          3.   TATP Will Commit Significant Resources To
          Litigating This Case ……………………………………….   10

          4.   TATP Will Utilize The Other Plaintiff Firms In This
          Litigation And Is Committed To Working In A Professional
          And Cooperative Manner ………………………………..   11

IV.     CONCLUSION ………………………………………………….   11

CERTIFICATE OF SERVICE……………………………………...   14

ii

## TABLE OF AUTHORITIES

**<u>Cases</u>**

<u>Page</u>

*Coleman v. General Motors Acceptance Corp.,*
 220 F.R.D. 64, 100 (M.D. Tenn. 2004) …………………………………………………..5

*Donaldson v. Pharmacia Pension Plan,*
2006 U.S. Dist. LEXIS 28607 (S.D. Ill. May 10, 2006) …………………………………5

*Illinois Brick v. Illinois,*
431 U.S. 720 (1977) ……………………………………………………………………..…4

*In re Cathode Ray Tubes (CRT) Antitrust Litigation,*
 Master File No. 3:07-cv-5944-SC, MDL 1917 (N.D. Cal. 2008)…………………7, 9, 10

*In Re: Aftermarket Filters Antitrust Litigation,*
Master File No. 1:08-cv-4883-RWG, MDL 1957 (N.D. Ill. 2008) ………………………7

*In re OSB Antitrust Litigation,*
 Case No. 06-cv-00826 (PSD) (E.D. Pa. 2007)……………………………….…………..7

*In re OSB Antitrust Litigation,*
 2007 U.S. Dist. LEXIS 56617 (E.D. Pa. Aug. 3, 2007) …………………………….………7

*Northern Indiana Public Service Co. v. Certain Underwriters at Lloyd's London,*
 1996 WL 115466 (N.D. Ind. 1996) ……………………………………………………...…11

**<u>Statutes</u>**

15 U.S.C. § 1 …………………………………………………………………………...3, 4

28 U.S.C. § 1332 …………………………………………………………………………..4

28 U.S.C. § 1407 …………………………………………………………………………..4

**<u>Rules</u>**

Fed. R. Civ. P. 23(g)…………………………………………………………….......…*passim*

**<u>Secondary Materials</u>**

*Manual on Complex Litigation (Fourth)* …………………………………………..11

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs Marin Scotty's Market, Inc. and Hamid Amini dba Aminis' By The Bay ("Plaintiffs"), through their undersigned counsel, will and hereby do move this Court, the Honorable Paul D. Borman, of the United States District Court for the Eastern District of Michigan, for an Order appointing Trump, Alioto, Trump & Prescott, LLP ("TATP") as interim lead or co-lead counsel for the direct purchaser plaintiffs in this multidistrict litigation.

This motion is made pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and on the grounds that the appointment of interim lead counsel is appropriate at this time to "fairly and adequately represent the interests of the class." This complex case will benefit from the appointment of a law firm with over 30 years of antitrust and trial experience to serve as interim lead counsel. TATP has done extensive investigation into the allegations of the complaint. It is committed to this litigation and has substantial resources to devote to the prosecution of the claims. Finally, TATP will work in cooperation with other firms to prosecute this complex, multiparty action in an efficient and effective manner.

This motion is based on this notice of motion and motion, the memorandum of law submitted herewith in support of this motion, the Declaration of Mario N. Alioto ("Alioto Declaration"), all pleadings and records on file, and any additional briefing and argument presented to the Court before or at the hearing on this motion.

## MEMORANDUM OF LAW

### I.    Introduction

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and this Court's *Order Re Appointment Of Lead Counsel, and Liaison Counsel*, dated November 10, 2008, Plaintiffs Marin Scotty's Market, Inc. and Hamid Amini dba Aminis' By The Bay ("Plaintiffs") move for the appointment of Trump, Alioto, Trump & Prescott, LLP ("TATP") as interim lead or co-lead counsel for the direct purchaser plaintiff class in the *In Re: Packaged Ice Antitrust Litigation,* MDL 1952 ("*Packaged Ice Cases*").

It is in the interest of the Class to appoint a firm with a demonstrated ability to organize and prosecute this case. TATP is a highly experienced firm which has previously obtained several landmark antitrust and class action recoveries. Courts have recognized the qualifications of TATP in appointing the firm lead or liaison counsel in numerous cases.

TATP has already undertaken significant work on behalf of the plaintiff Class and has the support of a number of experienced law firms. TATP is prepared to serve as interim class counsel alone or in conjunction with other firms designated by the Court.

Pursuant to this Court's November 10, 2008 Order, no attorney employed by TATP has been subjected to disciplinary proceedings, suspended from the practice of law, or disciplined in any way as a result of grievances filed against him/her.

In sum, TATP brings particular skills in the efficient management of complex litigation and electronic discovery practice, has substantial resources to devote to this litigation, and will work collegially and professionally with other counsel. Accordingly, Plaintiffs' motion to appoint TATP as interim lead or co-lead counsel for the direct purchaser plaintiffs should be granted.

II.     **Background**

This litigation arises from an alleged conspiracy by defendants Reddy Ice

Holdings, Inc., Arctic Glacier Income Fund, Arctic Glacier, Inc., Arctic Glacier

International, Inc., and Home City Ice Company ("Defendants") to fix, raise, maintain or

stabilize the prices of packaged cubed, crushed, block and dry ice ("Packaged Ice") sold

in the United States. There is a pending investigation of these claims by the United States

Department of Justice and related litigation in Canada.

Beginning on March 10, 2008, class action complaints alleging violations of the

federal antitrust laws by Defendants were filed in this judicial district and others on

behalf of purchasers of Defendants' Packaged Ice. Plaintiffs filed class action complaints

in the United States District Court for the Northern District of California on behalf of a

class of individuals and entities who purchased Packaged Ice directly from the

Defendants.[1] Plaintiffs allege that Defendants' cartel and conspiracy is in violation of

Section 1 of the Sherman Act, 15 U.S.C. § 1.

On October 18, 2007, defendant Home City Ice Company agreed to plead guilty

to "participating in a conspiracy to suppress and eliminate competition by agreeing with

other Packaged Ice manufacturers to allocate customers and territories in the Detroit

metropolitan area and southeastern Michigan." According to the guilty plea, the

conspiracy began at least as early as January 1, 2001 and continued until about July 17,

2007. Home City Ice Company's Plea Agreement was unsealed by Order dated June 17,

2008.

---

[1] *Marin Scotty's Market, Inc., et al.,* Case No. 3:08-cv-1486-MMC (N.D. Cal.), filed
March 17, 2008; *Hamid Amini dba Aminis' By The Bay,* Case No. 3:08-cv-3562-JCS
(N.D. Cal.), filed July 24, 2008.

On June 5, 2008, the Judicial Panel on Multidistrict Litigation ("JPML") transferred the *Packaged Ice Cases* to this Court for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. A true and correct copy of the JPML Transfer Order is attached to the Alioto Declaration as Exhibit 1.

At the time of the JPML Transfer Order, this litigation consisted of thirty seven actions pending in eight different districts, as well as twenty eight potentially-related "tag-along" actions. Since the JPML Transfer Order was issued, additional related cases have been transferred to this Court, for a total of approximately 70 cases. These cases are brought on behalf of both "direct purchaser" plaintiffs and "indirect purchaser" plaintiffs.[2]

Damages claims for antitrust violations on behalf of indirect purchasers are barred under federal law under the United States Supreme Court's decision in *Illinois Brick v. Illinois,* 431 U.S. 720 (1977) ("*Illinois Brick*"). A number of states have enacted legislation, however, which allows indirect purchasers to bring antitrust and other claims under state law for price fixing. Before the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332, indirect purchaser claims were litigated almost exclusively in state court. Now, for all practical purposes, state law indirect purchaser claims must be litigated in federal court in conjunction with direct purchaser claims brought under Section 1 of the Sherman Act.

---

[2] "Direct purchasers" refers to those plaintiffs who purchased Packaged Ice *directly* from one of the defendant manufacturers. "Indirect purchasers" refers to those plaintiffs who purchased Packaged Ice *indirectly* from the defendants. That is, they purchased Packaged Ice from someone other than the defendants, such as a distributor or a retailer.

Post-CAFA antitrust class actions such as this one, where direct and indirect purchaser claims proceed side-by-side, raise a number of unique, complex case management and legal issues. These issues require counsel for the two plaintiff groups to coordinate their efforts in order to prosecute the cases effectively and efficiently, and keep the burden on the Court to a minimum.

In light of the foregoing, it is appropriate for this Court to consider a leadership structure for the putative plaintiff classes. Plaintiffs propose that TATP be appointed interim lead or co-lead counsel for the putative direct purchaser class.

## III.   Argument

### A.   Appointment of Interim Co-Lead Counsel to Represent the Class is Appropriate

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Where, as here, there are numerous class actions pending, "appointment of class counsel is necessary to protect the interests of class members." *Donaldson v. Pharmacia Pension Plan,* 2006 U.S. Dist. LEXIS 28697, *2-3 (S.D. Ill. May 10, 2006). The goal of the Court in considering this motion is to determine who will best represent the interests of the class, and who will best be able to accomplish the class action goals of efficiency and economy in doing so. *See, Coleman v. General Motors Acceptance Corp.,* 220 F.R.D. 64, 100 (M.D. Tenn. 2004); Fed. R. Civ. P. 23(g)(2)(B).

In appointing interim lead counsel under Rule 23(g), the Court must determine whether the applicant firm will fairly and adequately represent the interests of the

proposed class. *See,* Fed. R. Civ. P. 23(g)(1)(B). The Court's determination of that

question is informed by the criteria set forth in Rule 23(g)(1):

> In appointing class counsel, the court: (A) must consider: the work counsel has
> done in identifying or investigating potential claims in the action; counsel's
> experience in handling class actions, other complex litigation, and the types of
> claims asserted in the action; counsel's knowledge of the applicable law; and, the
> resources that counsel will commit to representing the class; (B) may consider any
> other matter pertinent to counsel's ability to fairly and adequately represent the
> interests of the class….

Fed. R. Civ. P. 23(g)(1). "In evaluating prospective class counsel, the Court should weigh

all pertinent factors. No single factor should necessarily be determinative in a given

case." Rule 23(g) advisory committee's note (2003).

TATP satisfies each of the factors set forth in Rule 23(g) and is well-qualified to

manage this litigation alone or in conjunction with other firms designated by the Court.

**B.   TATP Will Fairly and Adequately Represent the Interests of the
      Proposed Plaintiff Class**

**1.   TATP  Is Experienced In Handling Antitrust Class Actions and
      Complex, Multidistrict Litigation**

TATP has over 30 years of experience in prosecuting multidistrict litigation and

class actions in state and federal courts throughout the country. Since its founding, TATP

has specialized in representing plaintiffs in antitrust class actions involving allegations of

price-fixing, monopolization, predatory pricing and group boycott under the Sherman

Act, the Clayton Act, the California Cartwright Act and Unfair Competition Law, as well

as numerous antitrust and consumer protection statutes of other states.

Courts have recognized the qualifications of TATP in appointing the firm lead or

liaison counsel in numerous cases. Most recently, TATP was selected by the Honorable

Robert W. Gettleman of the United States District Court for the Northern District of

Illinois to serve as interim co-lead counsel for the indirect purchaser plaintiffs in *In Re: Aftermarket Filters Antitrust Litigation,* Master File No. 1:08-cv-4883-RWG, MDL 1957 (N.D. Ill. Oct. 7, 2008) ("*Filters*").

In May of this year, TATP was selected to serve as sole interim lead counsel for the indirect purchaser plaintiffs by the Honorable Samuel Conti of the United States District Court of the Northern District of California in *In re Cathode Ray Tube (CRT) Antitrust Litigation,* 2008 WL 2024957, *2 (N.D. Cal. May 9, 2008) ("*CRT*").

TATP was also appointed to serve as Co-Lead Counsel along with three other firms in *In re OSB Antitrust Litigation,* Case No. 06-cv-00826-PSD, (E.D. Pa.) ("*OSB*"). In granting class certification and appointing TATP Co-Lead Counsel for the class in the indirect purchaser case, the Honorable Paul S. Diamond of the Eastern District of Pennsylvania stated that TATP "are experienced, class action litigators" and "have vigorously and capably prosecuted this extremely demanding case, and I am satisfied that they will continue to do so." 2007 U.S. Dist. LEXIS 56617, * 12 (E.D. Pa. Aug. 3, 2007).

TATP's experience in coordinating and managing these post-CAFA antitrust class actions in federal court, where direct and indirect purchaser class actions proceed side-by-side, makes it well-suited to lead this case. TATP is one of only a few firms in the country that has prosecuted a post-CAFA case up to trial. *See, generally, OSB*. TATP has demonstrated the ability to work cooperatively with counsel for different plaintiffs' groups (direct purchaser class, indirect purchaser class, individual plaintiffs, and governmental enforcement agencies), as well as defense counsel, through motions to dismiss, massive document discovery, motions for judgment on the pleadings, class certification, experts (class certification and merits), motions for summary judgment, and

Daubert motions. Thus, TATP is one of only a few firms in the country to have experienced first-hand the particular case management and legal issues involved in post-CAFA antitrust cases in federal court.

This is a post-CAFA antitrust class action in which direct and indirect purchaser claims will proceed side-by-side. This case will raise the same substantive and procedural issues raised in other post-CAFA cases which TATP has led. If appointed as interim lead counsel in this case, TATP will not have to reinvent the wheel when confronted with these issues. It will be able to draw on its experience in handling these matters in other post-CAFA cases. This unique experience will aid in streamlining and efficiently prosecuting this case in coordination with the indirect purchasers and any other plaintiffs groups which may assert claims in this litigation.

Mario N. Alioto, one of the founding partners of TATP, will lead TATP in their prosecution of this litigation. After a judicial clerkship, Mr. Alioto entered private practice specializing in antitrust law. Mr. Alioto has represented plaintiffs and defendants in antitrust and other commercial matters for 35 years. During this time, Mr. Alioto has handled approximately 50 antitrust cases. He has served in leadership roles in most of these cases and has been Lead or Liaison Counsel in many of them. This experience has enabled Mr. Alioto to prosecute these cases efficiently and achieve favorable settlements without unnecessary demands on judicial resources.

Mr. Alioto has handled these cases in collaboration with other law firms when circumstances warranted this, and has also demonstrated the ability to handle these cases effectively without the assistance of a consortium of other law firms. Mr. Alioto has been

involved in a number of jury trials in state and federal court, including the trial of antitrust cases as the lead trial lawyer. He has handled approximately 30 appeals as well.

Most recently, Mr. Alioto obtained relief of approximately $50 million for California consumers on account of improper automobile repossession practices by two large finance companies. This result was obtained primarily by Mr. Alioto and TATP, with the assistance of one other firm. In approving the settlement in that matter, the Honorable Daniel M. Hanlon (Ret.) noted that TATP had handled the litigation "effectively and efficiently" and that counsel was "experienced and competent" and had obtained an "excellent settlement." A copy of Mr. Alioto's curriculum vitae is attached to the Alioto Declaration as Exhibit 2.

In evaluating applicants for interim class counsel, the Court should look to the experience and qualifications of those lawyers who are going to work on this case. Accomplishments by "law firms" are not as important as accomplishments by the individual lawyers who will actually be working on this case. Similarly, résumés listing a long string of multimillion dollar recoveries may be misleading. Oftentimes these recoveries were obtained by many plaintiffs' firms and the individual lawyer touting the recovery actually played a lesser role in the case. TATP has set forth the experience and qualifications of the <u>individual lawyer</u> who will lead this case, and that experience and those qualifications must be measured against the experience and qualifications of the other <u>individual lawyers</u> who have put themselves forward for lead counsel.

Finally, TATP has indicated that its most senior attorney, Mr. Alioto, will lead his firm's role as interim lead counsel. The Honorable Samuel Conti found this persuasive in the *CRT* case:

> [W]hile two of the firms indicated that their top attorneys would be
> involved, only one firm made it clear that its top attorney would lead,
> rather than merely participate, in his firm's role as interim lead counsel.
> For this reason, this factor [counsel's experience] favors the Trump firm.

*CRT,* 2008 WL 2024957, at * 2. This is further reason why TATP should be appointed

lead counsel.

### 2.  TATP Has Done Substantial Work And Has Taken Significant Steps to Advance the Litigation

TATP filed one of the earliest *Packaged Ice* cases on March 17, 2008, and has

participated in all aspects of the case since then. TATP has already done substantial work

towards identifying and investigating potential claims in this action. TATP has

investigated the facts alleged in Plaintiff's Complaint, and is continuing to research and

develop the claims at issue in this action. The firm's investigation has included analysis

of the Packaged Ice market, the market participants, review of published media reports

and materials drawn from related litigation, specifically the investigations by the

Canadian Competition Bureau and the Antitrust Division of the U.S. Department of

Justice. TATP is also working to identify potential consultants and experts. This work

will be of great future benefit to the Class.

### 3.  TATP Will Commit Significant Resources to Litigating This Case

TATP is prepared to devote significant human and financial resources to

representing the interests of the proposed class. TATP has demonstrated this in the other

post-CAFA cases in which it is serving as lead counsel. The firm's attorneys have

developed substantial expertise in managing complex litigation, and particularly

electronic discovery. The firm will commit the professionals and resources necessary to

take this case through pre-trial, trial and any appeals that may arise. Thus, pursuant to

Fed. R. Civ. P. 23(g), TATP provides the knowledge, resources and skill to best represent the interests of the plaintiff class.

4. **TATP Will Utilize the Other Plaintiff Firms in this Litigation and is Committed to Working in a Professional and Cooperative Manner**

TATP has previously worked collegially with most of the firms representing plaintiffs in this litigation. TATP has also worked professionally with the firms representing the Defendants. This will allow TATP to streamline this litigation and resolve complex issues without Court involvement. Professional, courteous relations amongst plaintiffs' counsel, as well as between opposing counsel, are essential to the conduct and management of complex multidistrict actions such as this one. *See, Manual for Complex Litigation* (4th ed. 2005), Author's Comments to Role of Counsel, § 10.21, p. 40, citing *Northern Indiana Public Service Co. v. Certain Underwriters at Lloyd's London,* 1996 WL 115466 at *1 (N.D. Ind. 1996).

TATP is dedicated to leading this litigation in a manner that best serves the interests of the plaintiffs injured by Defendants' alleged conspiratorial misconduct. TATP will develop a cooperative structure for prosecuting this complex multiparty litigation in an efficient manner. TATP has demonstrated the ability to do this in other post-CAFA cases in which it is serving as lead counsel.

Finally, TATP is willing to serve as sole interim lead counsel, or to serve as interim co-lead counsel with such other firms as the Court may designate.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court appoint TATP to serve as interim lead or co-lead counsel for the direct purchaser class.

Dated: November 12, 2008      Respectfully submitted,

**TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**

By:     /s/ Mario N. Alioto
        Mario N. Alioto (CA 56433)
        Lauren C. Russell (CA 241151)
        2280 Union Street
        San Francisco, California 94123
        Telephone: (415) 563-7200
        Facsimile: (415) 346-0679
        E-mail: malioto@tatp.com
        laurenrussell@tatp.com

*Proposed Interim Lead Counsel for the Direct Purchaser Class*

Joseph M. Patane (CA 72202)
**LAW OFFICE OF JOSEPH M. PATANE**
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: jpatane@tatp.com

Lawrence G. Papale (CA 67068)
**LAW OFFICES OF LAWRENCE G. PAPALE**
1308 Main Street #117
St. Helena, CA 94574
Telephone: (707) 963-1704
Facsimile: (707) 963-0706
E-mail: lgpapale@papalelaw.com

Sherman Kassof (66383)
**LAW OFFICES OF SHERMAN KASSOF**
954 Risa Road, Suite B
Lafayette, CA 94549
Telephone: (510) 652 2554
Facsimile: (510) 652 9308
E-mail: heevay@att.net

*Attorneys for Plaintiff Marin Scotty's Market, Inc. and Hamid Amini dba Aminis' By The Bay And All Others Similarly Situated*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2008, I electronically filed Plaintiffs Marin

Scotty's Market. Inc. and Hamid Amini dba Amini's By The Bay's Notice of Motion and

Motion for Appointment of Interim Lead Counsel for the Direct Purchaser Class, the

Memorandum of Law in support, and the Declaration of Mario N. Alioto, with the Clerk

of the Court using the ECF system, which will send notification of such filing to all

interested parties registered for e-filing as follows:

**Kristen M. Anderson - MDL NOT ADMITTED**
kanderson@scott-scott.com, efile@scott-scott.com, tturner@scott-scott.com

**Ronald J. Aranoff**
aranoff@bernlieb.com

**Steven A. Asher**
asher@wka-law.com

**David H Bamberger - MDL NOT ADMITTED**
david.bamberger@dlapiper.com, jessica.green-johnson@dlapiper.com

**Ben Barnow - MDL NOT ADMITTED**
b.barnow@barnowlaw.com, b.strautins@barnowlaw.com, e.schork@barnowlaw.com, s.harris@barnowlaw.com

**Natalie Finkelman Bennett - MDL NOT ADMITTED**
nfinkelman@sfmslaw.com

**Garrett D. Blanchfield - NOT ADMITTED**
g.blanchfield@rwblawfirm.com

**Bryan L Bleichner - MDL NOT ADMITTED**
bbleichner@chestnutcambronne.com

**Mischa Boardman**
mboardman@zkact.com, eschwartz@zkact.com, vbreeze@zkact.com

**Jarod Bona - MDL NOT ADMITTED**

14

jarod.bona@dlapiper.com, dawn.solfield@dlapiper.com

**Lisa A. Brown**
lbrown@dykema.com, kcooper@dykema.com

**W Joseph Bruckner**
wjbruckner@locklaw.com, ctjohansen@locklaw.com, hnpotteiger@locklaw.com

**Christopher M Burke - MDL NOT ADMITTED**
cburke@scott-scott.com

**Daniel A. Bushell**
dbushell@bermanesq.com, jdominguez@bermanesq.com

**Patrick E. Cafferty**
pcafferty@caffertyfaucher.com, pecafferty@aol.com

**William Caldes - MDL NOT ADMITTED**
bcaldes@srk-law.com

**Daniel Charest - MDL NOT ADMITTED**
dcharest@susmangodfrey.com, lturner@susmangodfrey.com

**Nathan M. Cihlar**
ncihlar@straus-boies.com

**Bryan L Clobes - MDL - NOT ADMITTED**
bclobes@caffertyfaucher.com, tfraser@caffertyfaucher.com

**Jay S Cohen - MDL NOT ADMITTED**
jcohen@srk-law.com

**Jeffrey J Corrigan**
jcorrigan@srk-law.com

**Paul Costa - MDL NOT ADMITED**
pcosta@finekaplan.com

**Thomas W. Cranmer**
cranmer@millercanfield.com, christenson@millercanfield.com, Rouman@millercanfield.com

**Gregory L. Curtner**
curtner@millercanfield.com, chapmand@millercanfield.com, misisian@millercanfield.com

**John Emerson - MDL NOT ADMITTED**
jemerson@emersonpoynter.com, swilson@emersonpoynter.com, tanya@emersonpoynter.com

**David A. Ettinger**
dettinger@honigman.com

**Mary Jane Fait - NOT ADMITTED**
fait@whafh.com, ldouglas@whafh.com

**David H. Fink**
dhf@millerlawpc.com, jns@millerlawpc.com, kds@millerlawpc.com

**Jonathan B. Frank**
frank@jackiergould.com

**Scott D Gilchrist - MDL NOT ADMITTED**
sgilchrist@cohenandmalad.com

**Daniel C. Girard**
dcg@girardgibbs.com, act@girardgibbs.com, amv@girardgibbs.com, ecp@girardgibbs.com

**Jeffrey B Gittleman - MDL NOT ADMITTED**
jgittleman@barrack.com, rbranch@barrack.com

**Shawn-Lee M. Goddard**
shawn.goddard@theshealawfirm.com, david.shea@theshealawfirm.com

**Jacob A. Goldberg**
jgoldberg@faruqilaw.com, abarinov@faruqilaw.com

**Joseph Goldberg - MDL NOT ADMITTED**
jg@fbdlaw.com

**Dean M. Googasian**
dgoogasian@googasian.com, chansen@googasian.com

**Ruthanne Gordon - MDL NOT ADMITTED**
rgordon@bm.net

**Mary Ellen Gurewitz**
megurewitz@sachswaldman.com, jbenjamin@sachswaldman.com, pmerchak@sachswaldman.com

**Mark H Hamer - MDL NOT ADMITTED**
mark.hamer@dlapiper.com

**Melissa B. Hirst**
mbhirst@jonesday.com

**Thomas H. Howlett**
thowlett@googasian.com, choule@googasian.com

**Ryan A. Husaynu**
hplaw@mich.com, ryanh@mich.com

Howard B. Iwrey
hiwrey@dykema.com,  wkyles@dykema.com

**Jonathan M Jagher**
Jjagher@srk-law.com

**Steven A Kanner - MDL NOT ADMITTED**
skanner@fklmlaw.com

**Robert N Kaplan - MDL NOT ADMITTED**
rkaplan@kaplanfox.com

**Sherman Kassof - MDL NOT ADMITTED**
heevay@att.net

**Jason S Kilene - MDL NOT ADMITTED**
jkilene@gustafsongluek.com

**Jeffrey A. Klafter**
jak@klafterolsen.com

**Richard N. LaFlamme**
rlaflamme@lm-law.net

**Robert J. LaRocca**
rlarocca@kohnswift.com,  r.larocca@verizon.net,  robertl@kohnswift.com

**Joseph Jeffrey Landen - MDL NOT ADMITTED**
jlanden@graydon.com

**Christopher Lebsock - MDL NOT ADMITTED**

clebsock@cmht.com, dbone@cmht.com, kvance@cmht.com

**Michael P Lehmann - MDL NOT ADMITTED**
mlehmann@cmht.com

**Kellie Lerner- MDL NOT ADMITTED**
klerner@labaton.com

**Roberta D. Liebenberg - MDL NOT ADMITTED**
rliebenberg@finekaplan.com

**Richard A. Lockridge**
ralockridge@locklaw.com

**Michael P. Lynn - MDL NOT ADMITTED**
mlynn@lynnllp.com

**Mark A Maasch - MDL NOT ADMITTED**
mam@tmsdlaw.com

**Michael G McLellan - MDL - NOT ADMITTED**
mmclellan@finkelsteinthompson.com

**Timothy O. McMahon**
tmcmahon@kickhamhanley.com, kfiema@kickhamhanley.com

**Chad M McManamy - MDL NOT ADMITTED**
chad@moginlaw.com

**Thomas C. Michaud**
tmichaud@vmtlaw.com

**Douglas A Millen - MDL NOT ADMITTED**
dmillen@fklmlaw.com

**David W. Mitchell - MDL NOT ADMITTED**
DavidM@csgrr.com, Christinas@csgrr.com, e_file_sd@csgrr.com, mbacci@csgrr.com

**Daniel J Mogin - MDL NOT ADMITTED**
dan@moginlaw.com

**Andrew J. Morganti**
amorganti@milberg.com, MAOffice@milberg.com

**John Murdock - MDL NOT ADMITTED**

jmurdock@mgsglaw.com

**Brian P. Murray**
bmurray@murrayfrank.com

**James R Nelson - MDL NOT ADMITTED**
jr.nelson@dlapiper.com,   laurie.davis@dlapiper.com,   vivian.jackson@dlapiper.com

**Linda P. Nussbaum**
lnussbaum@kaplanfox.com,   rkelly@kaplanfox.com

**Martha J. Olijnyk**
mjo@millerlawpc.com,   aad@millerlawpc.com,   jns@millerlawpc.com

**Joseph Mario Patane - MDL NOT ADMITTED**
jpatane@tatp.com

**Andrew A. Paterson, Jr**
aap43@hotmail.com

**Peter A. Pease**
ppease@bermanesq.com,   bdentremont@bermanesq.com,   jdominguez@bermanesq.com,
kdevalerio@bermanesq.com,   vmcallister@bermanesq.com

**John M. Perrin**
johnmperrin@sbcglobal.net,   litigationgroup@mycomcast.com

**John B. Pinney**
jpinney@graydon.com,   tlewis@graydon.com

**Scott E Poynter - MDL NOT ADMITTED**
scott@emersonpoynter.com

**William Reiss - MDL NOT ADMITTED**
wreiss@labaton.com

**Paula W Render**
prender@jonesday.com

**Michael A Roberts - MDL NOT ADMITTED**
mroberts@graydon.com

**Richard P. Rouco**
rrouco@wdklaw.com, ecf@wdklaw.com

**Lauren Clare Russell - MDL NOT ADMITTED**

laurenrussell@tatp.com

**Noah D Sacks - MDL NOT ADMITTED**
noah@moginlaw.com

**Douglas C. Salzenstein**
dsalzenstein@honigman.com,  mjohnson@honigman.com

**Hollis L Salzman - MDL NOT ADMITTED**
hsalzman@labaton.com

**Matthew R Salzwedel**
mrsalzwedel@locklaw.com,  hnpoetteiger@locklaw.com

**Steven A. Schwartz**
steveschwartz@chimicles.com,  karenlwright@chimicles.com

**Daniel B. Scott**
danielscott@chimicles.com

**Howard Sedran - MDL NOT ADMITTED**
hsedran@lfsblaw.com

**Heidi M Silton**
hmsilton@locklaw.com,  cmleinen@locklaw.com,  hnpotteiger@locklaw.com

**Elwood S. Simon**
esimon@esimon-law.com,  evan@esimon-law.com

**Richard A. Smith - MDL NOT ADMITTED**
rsmith@lynnllp.com

**Eugene A. Spector**
Espector@srk-law.com

**Allan Steyer**
asteyer@steyerlaw.com

**Eric J Stock - MDL NOT ADMITTED**
ejstock@hhlaw.com

**Joseph J. Tabacco**
jtabacco@bermanesq.com

**Reginald Von Terrell - MDL NOT ADMITTED**

reggiet2@aol.com, reginald-terrell@sbcglobal.net

**Stephen F. Wasinger**
sfw@sfwlaw.com, jschroeder@kickhamhanley.com, kfiema@kickhamhanley.com

**S. Thomas Wienner**
twienner@wiennergould.com, jtibbs@wiennergould.com

**Robert J. Wierenga**
wierenga@millercanfield.com, chapmand@millercanfield.com, misisian@millercanfield.com

**Lance C. Young**
younglcy@hotmail.com

**Mark J. Zausmer**
mzausmer@zkac.com, ldonnelly@zkact.com

**John P. Zuccarini**
zuccarinis@aol.com, evan@esimon-law.com

By:     /s/ Mario N. Alioto
Mario N. Alioto (CA 56433)
TRUMP, ALIOTO, TRUMP &
PRESCOTT, LLP
2280 Union Street
San Francisco, California 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com

*Proposed Interim Lead Counsel for the
Indirect Purchaser Class*