# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE: PACKAGED ICE LITIGATION

_____ /    Case Number: 08-MD-01952

JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT COURT

## OPINION AND ORDER APPOINTING INTERIM CLASS COUNSEL

Presently before the Court are eleven motions for the appointment of interim lead class counsel for the proposed direct purchaser class and two motions for the appointment of interim lead class counsel for the proposed indirect purchaser class. This Court held a hearing on March 16, 2009, where it heard from each of the applicants for lead counsel. Upon consideration of the applicants qualifications, the factors mandated in Fed. R. Civ. P. 23(g)(1)(A), and for the reasons that follow, the Court:

(1) GRANTS Kohn, Swift, & Graft, P.C.'s motion for appointment as interim lead class counsel for the proposed direct purchaser class and appoints Gurewitz & Raben, PLLC as liaison counsel; and

(2) GRANTS Levitt & Kaizer, the Law Offices of Max Wild and The Perrin Law Firm's motion for appointment as interim co-lead counsel for the proposed indirect purchaser class, with The Perrin Law Firm acting as liaison counsel.

## I. BACKGROUND

Pending before the Court are 86 companion actions against Reddy Ice Holdings, Inc., Arctic Glacier, Inc., and Home City Ice, Co. for alleged violations of federal and state antitrust laws.

Reddy Ice Holdings, Inc., Arctic Glacier, Inc. and Home City Ice, Co., are producers and distributers of packaged ice in the United States. Packaged ice is sold at retail stores and gas stations. The lawsuits were initially filed in various federal district courts across the country; on June 5, 2008, the Panel on Multidistrict Litigation transferred the cases to this Court. (Doc. No. 1, Transfer Order, Jun. 5, 2008).

Of the 86 civil actions, the majority are lawsuits by direct purchasers of packaged ice, e.g. retail stores and gas stations. There are eleven applicants to be interim lead counsel of the putative direct purchaser class. There are also lawsuits filed by indirect purchasers, e.g. individuals who purchased packaged ice at retail stores and gas stations. This is a much smaller class. There are two applicants to be interim lead counsel of the putative indirect purchaser class.

In addition to the civil actions, the Department of Justice is investigating criminal antitrust violations in the packaged ice industry. Home City Ice, Co. pled guilty to federal antitrust violations involving market and customer allocation in Michigan.[1]

## II. ANALYSIS

Under Rule 23(g)(1)(A), the Court must consider the following factors in appointing lead counsel: 1) the work that counsel has performed in identifying or investigating potential claims in the action; 2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; 3) counsel's knowledge of the applicable law; and 4) the resources that counsel will commit to representing the class. If more than one applicant seeks appointment, the Court "must appoint the applicant best able to represent the interests of the class." Fed. R. Civ.

---

[1] There is also securities litigation against the Packaged Ice Defendants, and a separate civil case brought by a former employee of one of the Defendants.

P. 23(g)(2). In appointing lead class counsel, a court should conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable. *See* Manual for Complex Litigation § 10.22, Pp. 24-28 (4th Edition, 2004). Both written and oral argument assist the Court in making this determination.

### A. Interim Lead Counsel for the Proposed Direct Purchaser Class

Eleven law firms have applied to be interim lead counsel for the proposed direct purchaser class. After considering the Rule 23(g)(1)(A) factors, the Court has selected the law firm of Kohn, Swift and Graft, P.C. to be interim lead counsel.

### 1. Work Performed in Identifying or Investigating Potential Claims

This case is somewhat unique in that most claims have been identified, and are being investigated for criminal violations by the Antitrust Division of the Department of Justice. Thus, much of the work of identifying and investigating the potential claims has largely been performed by the Department of Justice. No applicant can, therefore, claim an advantage in performing the major leg-work on these claims.

### 2. Counsel's Experience in Complex Litigation

Kohn Swift has been lead or co-lead class counsel in numerous antitrust class actions including: *In re Amino Acid Lysine Antitrust Litigation*, MDL No. 1083 (N.D. Ill.), *In re Compact Disc Minimum Advertised Price Antitrust Litigation*, MDL No. 1361 (D. Me.), *In re Automotive Refinishing Paint Antitrust Litigation*, MDL No. 1426 (E.D. Pa.), *In re Graphite Electrodes Antitrust Litigation*, MDL No. 1244 (E.D. Pa.), *In re Stock Exchanges Options Antitrust Litigation*, MDL No. 1283 (S.D.N.Y.) and *In re Plywood Antitrust Litigation*, MDL No. 159 (D. La.).

In addition to Kohn Swift's multidistrict antitrust ligation experience, Kohn Swift also litigated many commercial, securities and consumer protection actions. The judges who have observed Kohn Swift's work have been highly complimentary of the firm's litigation skills. For instance, in writing about the plaintiffs' attorneys, including Kohn Swift, in *In re: Rio Hair Naturalizer Products Liability Litigation*, MDL No. 1055, 1996 WL 780512 (E.D. Mich. Dec. 20, 1996), U.S. District Court for the Eastern District of Michigan Chief Judge Gerald E. Rosen commented: "the work of the Committee lawyers and the manner in which they conducted themselves exhibited the very highest level of professionalism and competence in our legal system."

The Court notes, with its approval, that Kohn Swift recognizes that a "lean structure is appropriate here because: This case follows a government prosecution including a guilty plea, involving only one product, three defendants (with several subsidiaries), a limited international aspect, and a relatively short time period." (Kohn Swift Memorandum in Support of Motion for Appointment as Lead Counsel, p. 1).

Given the large number of complex cases Kohn Swift has litigated, including many antitrust suits and its common sense approach to the instant case, Kohn Swift has demonstrated that it is has the experience necessary to be lead counsel of this case.

**3. Counsel's Knowledge of the Applicable Law**

Having litigated antitrust class actions and other complex cases before, Kohn Swift is knowledgeable of the applicable law.

**4. The Resources that Counsel Will Commit to Representing the Class**

Kohn Swift is a law firm comprised of sixteen lawyers, four paralegals and thirteen support staff. Although it is a small law firm in comparison to some of the other applicants, Kohn Swift's

depth of experience and commitment to appropriately expend resources establishes that Kohn Swift can devote the time and money necessary to efficiently litigate this case. Kohn Swift has selected Harold Gurewitz, a well-respected liaison counsel to complement its team. In addition, Kohn Swift can draw on the resources of the other firms involved in this case, if it so chooses.

**B. Interim Lead Counsel for the Proposed Indirect Purchaser Class**

There are two applicants to be interim lead counsel for the proposed indirect purchaser class: (1) a group consisting of Levitt & Kaizer, the Law Offices of Max Wild and The Perrin Law Firm, acting as liaison counsel (collectively "Levitt & Kaizer"), and (2) Barnow and Associates, P.C. After consideration of the Rule 23(g)(1)(A) factors, the Court appoints Levitt & Kaizer, and the Law Offices of Max Wild as interim lead counsel for the proposed indirect purchaser class, with The Perrin Law Firm appointed as Levitt & Kaizer's liaison counsel.

**1. Work Performed in Identifying or Investigating Potential Claims**

Levitt & Kaizer currently represent seven consumers who allege that they were overcharged for packaged ice as a result of Defendants' conspiracy. In addition, Levitt & Kaizer have been diligently investigating their clients' and potential clients' claims, and identifying the different causes of action available in the various jurisdictions where indirect purchasers are located.

**2. Counsel's Experience in Complex Litigation**

Levitt & Kaizer is comprised of an experienced group of attorneys. Matthew Wild is an experienced anti-trust practitioner, having litigated, on the defense side, many antitrust class action cases, including indirect purchaser lawsuits. Richard Levitt is an experienced trial attorney, having tried many complex cases before federal juries. Max Wild is a former Assistant United States Attorney and former trial attorney for the Department of Justice. As a trial attorney, Mr. Wild has

tried a number of antitrust cases. This breadth of antitrust and trial experience establishes that Levitt & Kaizer has the experience necessary to litigate this complex class action on behalf of the indirect purchaser class.

### 3. Counsel's Knowledge of the Applicable Law

Levitt & Kaizer has ample knowledge of antitrust law, as evidenced by the antitrust lawsuits its attorneys have litigated.

### 4. The Resources that Counsel Will Commit to Representing the Class

Levitt & Kaizer, in applying to be appointed class counsel, have committed the resources of the attorneys affiliated with the group, including those of its liaison counsel, The Perrin Law Firm. The Court is satisfied that Levitt & Kaizer is willing to commit the resources necessary to litigate this case.

## III. CONCLUSION

This Court finds that Kohn Swift is the "applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). Kohn Swift has demonstrated that it is qualified and responsible. Also, this Court believes that Kohn Swift will fairly and adequately represent the direct purchaser Plaintiffs. For these reasons, the Court GRANTS Kohn, Swift & Graf, P.C.'s motion for appointment of interim lead counsel for the proposed direct purchaser class.

This Court also finds that Levitt & Kaizer is the "applicant best able to represent the interests of the class," in this instance the proposed indirect purchaser class. Fed. R. Civ. P. 23(g)(2). Levit & Kaizer have shown that it will professionally and capably represent the putative indirect purchaser class. Therefore, the Court GRANTS Levitt & Kaizer, Law Offices of Max Wild and The Perrin Law Firm's motion for appointment of interim lead counsel for the proposed indirect purchaser

6

class.

SO ORDERED.

                                         S/Paul D. Borman  
                                         PAUL D. BORMAN  
                                         UNITED STATES DISTRICT JUDGE

Dated: June 1, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 1, 2009.

                                         S/Denise Goodine  
                                         Case Manager