UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE PACKAGED ICE ANTITRUST
LITIGATION

_____

THIS DOCUMENT RELATES TO:
DIRECT PURCHASER ACTIONS

Case Number: 08-MD-01952
Honorable Paul D. Borman

## ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT BETWEEN THE DIRECT PURCHASER PLAINTIFFS AND THE HOME CITY ICE COMPANY AND AUTHORIZING THE DISSEMINATION OF NOTICE

AND NOW, this _____ day of _____ , upon consideration of the Motion

for Preliminary Approval of Proposed Settlement Between the Direct Purchaser Plaintiffs and

The Home City Ice Company and for Authorization to Disseminate Notice ("Motion"), it is

hereby **ORDERED** as follows:

1.      The Motion is hereby **GRANTED**.

2.      The Court finds that the proposed settlement with The Home City Ice Company

("Home City"), as set forth in the Settlement Agreement dated _____, 2009 ("Settlement

Agreement"), and subject to final determination following a hearing after notice to the proposed

Settlement Class, is sufficiently fair, reasonable and adequate to authorize dissemination of

notice to the Settlement Class.

3.      Notice shall be provided to the following proposed Settlement Class (the

"Settlement Class"):

>           All purchasers of Packaged Ice who purchased Packaged Ice in the
> United States directly from any of the Defendants or their
> subsidiaries or affiliates (including all predecessors thereof) at any
> time during the period from January 1, 2001 to March 6, 2008.
> Excluded from the Settlement Class are governmental entities and

Defendants, including their parents, subsidiaries, predecessors or successors, and Defendants' co-conspirators.

4. The Court appoints the firms of Kohn, Swift & Graf, P.C. and Gurewitz & Raben, PLLC, as Class Counsel for the proposed Settlement Class. Plaintiff Alvin's Enterprises, Inc. d/b/a Party King, Suzie's Investments, Inc. d/b/a Checker Drugs and Food, Arkansas Garden Center West, LLC, Arkansas Garden Center North, LLC, Chi-Mar Enterprises, Inc., Kingsway Enterprises, Polly's Food Service, Inc., Kenco, Inc. and Thomas Beverages Co., Inc. d/b/a Thomas Liquors are appointed as the class representatives for the proposed Settlement Class.

5. The Court approves the form of the Notice and Summary Notice (the "Notices"), attached to the Settlement Agreement as Exhibits "B" and "C" respectively, upon the condition that the content of the Notice and Summary Notice, including all dates, times, and addresses, conform to the requirements of this Order. The Court further finds that the mailing and publication of the Notices in the manner set forth in Paragraphs 7 and 8 below constitutes the best notice practicable under the circumstances as well as valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

6. Defendants are hereby directed to provide Class Counsel, within 30 days of the entry of this Order, the names and addresses of direct purchasers of Packaged Ice from them and their subsidiaries and affiliates (and all predecessors thereof) during the period from and including January 1, 2001 to and including March 6, 2008. To the extent possible the purchaser information should be provided in electronic and machine readable formats. Class Counsel shall treat the Packaged Ice purchaser information as confidential, and shall not disclose it to anyone outside of Class Counsel's law firms, except to the Court *in camera* or under seal or to vendors selected to assist in the preparation and dissemination of the Notice.

7.      Class Counsel are hereby directed to cause the Notice, in the form attached to the Settlement Agreement as Exhibit "B", to be: (a) mailed by first class mail, postage prepaid, within 30 days of receipt of the last of the purchaser information from Defendants (the "Notice Date"), to all members of the Settlement Class identified by Defendants; and (b) provided to all persons who request it.  Class Counsel shall also post a copy of the Notice on the Internet at a readily accessible web address.  Class Counsel shall identify the web address in all Notices that Class Counsel caused to be mailed, provided, or distributed pursuant to this paragraph.

8.      Class Counsel are hereby directed to cause the Summary Notice, in the form attached to the Settlement Agreement as Exhibit "C", to be published within 10 days of the Notice Date on one occasion in the National Edition of The Wall Street Journal.

9.      The Court will hold a hearing (the "Hearing") on _____ , at ____ a.m. at the Theodore Levin United States Courthouse, 231 West Lafayette Blvd., Courtroom 737, Detroit, Michigan 48226, to determine the fairness, reasonableness and adequacy of the proposed settlement with Home City and whether the settlement should be finally approved and a final judgment entered thereon.  At the Hearing the Court will also consider Class Counsel's motion to authorize the expenditure of up to $750,000 for expenses associated with prosecuting the litigation against the non-settling Defendants from the Settlement Fund. Any Settlement Class member who follows the procedure set forth in the Notice may appear and be heard at this Hearing.  The Hearing may be continued without further notice to the Settlement Class.

10.      Class Counsel shall file with the Court their motion for final approval of the Settlement Agreement no later than thirty (30) days prior to the Hearing date.

11.     All requests for exclusion from the Settlement Class shall be postmarked no later than 20 days prior to the Hearing date, and shall otherwise comply with the requirements set forth in the Notices.

12.     Any member of the Settlement Class who wishes to object to the terms of the Settlement Agreement or to Class Counsel's motion for expenses must do so in writing, filed with the Clerk and served on Class Counsel and counsel for Home City no later than 20 days prior to the Hearing date, and shall otherwise comply with the requirements set forth in the Notices.

13.     Ten (10) days before the date fixed by this Court for the Hearing, Class Counsel shall cause to be filed with the Clerk of this Court an affidavit or declaration of the person under whose general direction the mailing of the Notice and the publication of the Summary Notice were made, showing that mailing and publication were made in accordance with this Order.

14.     The Court finds that the account set forth in the Settlement Agreement is a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.  Class Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for the payments of the costs of notice, payments related to taxes, and settlement administration costs.

15.     The litigation against Home City is stayed except to the extent necessary to effectuate the Settlement Agreement.

SO ORDERED.


_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: _____, 2009

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE PACKAGED ICE ANTITRUST
LITIGATION

_____

THIS DOCUMENT RELATES TO:
DIRECT PURCHASER ACTIONS

Case Number: 08-MD-01952

Honorable Paul D. Borman

DIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
PROPOSED SETTLEMENT WITH THE HOME CITY ICE
COMPANY AND FOR AUTHORIZATION TO DISSEMINATE NOTICE

Direct Purchaser Plaintiffs hereby move the Court, pursuant to Rule 23(e)(1) of the

Federal Rules of Civil Procedure, for an order in the form attached hereto granting preliminary

approval of the proposed settlement of this litigation with defendant The Home City Ice

Company, appointing Plaintiffs' Interim Class and Liaison Counsel as Class Counsel for the

proposed Settlement Class, and authorizing Class Counsel to disseminate notice of the proposed

settlement.

In support of this motion, plaintiffs rely upon the accompanying memorandum of law.

Home City consents to this motion and to the entry of the proposed order.

DATED: November 13, 2009

Respectfully submitted,

    /s/   *Joseph C. Kohn*_____

Harold Gurewitz (P14468)
GUREWITZ & RABEN, PLLC
333 West Fort Street, Suite 1100
Detroit, MI 48226
(313) 628-4733

Joseph C. Kohn
Robert J. LaRocca
William E. Hoese
Stephen H. Schwartz
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
(215) 238-1700

Interim Lead and Liaison Counsel for the Direct Purchaser Class

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE PACKAGED ICE ANTITRUST
LITIGATION

_____

THIS DOCUMENT RELATES TO:
DIRECT PURCHASER ACTIONS

Case Number: 08-MD-01952
Honorable Paul D. Borman

DIRECT PURCHASER PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH THE
HOME CITY ICE COMPANY AND FOR AUTHORIZATION TO DISSEMINATE NOTICE

Harold Gurewitz (P14468)
GUREWITZ & RABEN, PLLC
333 West Fort Street
Suite 1100
Detroit, MI 48226
(313) 628-4733

Joseph C. Kohn
Robert J. LaRocca
William E. Hoese
Stephen H. Schwartz
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
(215) 238-1700

Interim Lead and Liaison Counsel for the Direct Purchaser Class

## TABLE OF CONTENTS

I.  INTRODUCTION. ............................................................................................................ 1

II.  PROCEDURAL HISTORY .......................................................................................... 1

III.  SUMMARY OF THE HOME CITY SETTLEMENT AGREEMENT. ........................ 2

    (a) The Settlement Amount ...................................................................................... 2

    (b) Cooperation. ........................................................................................................ 2

    (c)  Release.............................................................................................................. 3

    (d)  Sales by Home City Remain in the Case Against the Other Defendants......... 3

    (e)  Rights to Reduce the Settlement Amount or Withdraw From the Settlement .............. 3

    (f)  Most Favored Nation Provision ......................................................................... 4

    (g) Stipulation to Class Certification: ...................................................................... 4

IV.  PROPOSED TIMETABLE. ......................................................................................... 4

V.  THE PROPOSED SETTLEMENT IS SUFFICIENTLY FAIR, REASONABLE AND....... 6
    ADEQUATE TO AUTHORIZE DISSEMINATION OF CLASS NOTICE ...................... 6

  A.  Governing Standards............................................................................................... 6

  B.  The Settlement Meets the Standards for Preliminary Approval Under Rule 23 ............. 7

  C.  Consideration of Final Approval Criteria Supports Preliminary Approval. .................... 9

    1.  The Likelihood of Plaintiffs' Success on the Merits Weighed Against the Amount and
      Form of the Relief Offered in Settlement Supports Approval ...................................... 10

    2.  The Risks, Expenses, and Delay of Continued Litigation Favor Approval ................. 11

    3. & 4.  The Judgment of Experienced Counsel Who Have Competently Evaluated ....... 12
      the Strength of Their Claims and the Amount and Character of Discovery and
      Evidence Uncovered Supports Approval. ....................................................................... 12

    5. & 6.  The Proposed Settlement is Fair to the Settlement Class Members. .................. 13

    7.  The Settlement Agreement is the Product of Arm's-Length  Negotiations................. 13

    8.  The Settlement is Consistent With the Public Interest.................................................. 14

  D.  Preliminary Certification of the Settlement Class for Purposes of Disseminating
    Notice is Also Appropriate ........................................................................................ 14

  1.  The Proposed Settlement Class Satisfies the Requirements of Rule 23(a)...................... 15

    (a)  The Settlement Class Meets the Numerosity Requirement. ................................. 15

    (b)  Common Questions of Law and Fact Exist. ......................................................... 15

    (c)  Plaintiffs' Claims Are Typical of Those of the Settlement Class ........................ 16

    (d)  The Named Plaintiffs Will Fairly and Adequately Protect the Interests of the
      Settlement Class Members............................................................................................ 16

    2.  The Proposed Settlement Class Satisfies the Requirements of Rule 23(b)(3) For
      Settlement Purposes ..................................................................................................... 17

    3.  Rule 23(g) is Satisfied................................................................................................ 18

VI.  NOTICE TO THE CLASS. ........................................................................................... 18

VII.  CONCLUSION................................................................................................................ 19

i

<u>TABLE OF AUTHORITIES</u>

FEDERAL CASES

*In re Am. Med. Sys., Inc.*, 75 F.3d 1069 (6th Cir. 1996),.........................................................15, 16

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) .......................................................16, 18

*In re Automotive Refinishing Paint Antitrust Litig.*, 2003 U.S.Dist. LEXIS 4681
(E.D. Pa., March 17, 2003) .........................................................................................................6

*In re Automotive Refinishing Paint Antitrust Litig.*, 2004 WL 1068807 (E.D. Pa.
May 11, 2004) .............................................................................................................................8

*Beattie v. CenturyTel, Inc.*, 511 F.3d 554 (6th Cir. 2007) ......................................................17, 18

*Berry v. Sch. Dist. Of City of Benton Harbor*, 184 F.R.D. 93 (W.D. Mich. 1998)...................7, 10

*Bobbitt v. Academy of Court Reporting, 2009 WL 2168833 (E.D. Mich., July 21, 2009)* ............6

*In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003).........10, 11, 13, 14, 15, 18

*Carson v. Am. Brands, Inc.*, 450 U.S. 79 (1981) ...........................................................................9

*In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*, 248 F.R.D. 483 (E.D. Mich. 2008) .................7

*Granada Invs. Inc. v. DWG Corp.*, 962 F.2d 1203 (6th Cir. 1992) .....................................7, 10, 14

*Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F.Supp. 825 (E.D. NC 1994)..........13

*In re Insurance Brokerage Antitrust Litig.*, 2009 WL 2855855 (3d Cir.
September 8, 2009) .....................................................................................................................18

*Int'l Union United Auto. Aerospace & Agric. Implement Workers of America v. Ford
Motor Co.*, 2006 WL 1984363 (E.D. Mich., July 13, 2006).......................6, 10, 13, 14, 15, 16, 17

*Int'l Union United Auto., Aerospace & Agric. Implement Workers of America v. General
Motors Corp.*, 497 F.3d 615 (6th Cir. 2007)................................................................................10

*In re Jiffy Lube Sec. Litig.*, 927 F.2d 155 (4th Cir. 1991)..............................................................13

*Lessard v. City of Allen Park*, 372 F.Supp.2d 1007 (E. D. Mich. 2005) ......................................10

*In re Linerboard Antitrust Litig.*, 292 F.Supp.2d 631 (E.D. Pa. 2003).......................................7, 8

*In re Linerboard Antitrust Litig.*, 321 F.Supp.2d 619 (E.D. Pa. 2004)...........................................8

*Meijer Inc. v. 3M,* 2006 WL 2382718 (E.D. Pa., Aug. 14, 2006)...................................................8

*In re Pressure Sensitive Labelstock Antitrust Litig.*, 584 F.Supp.2d 697 (M.D. Pa. 2008) ............8

*In re Prudential Ins. Co. America Sales Litig.*, 148 F.3d 283 (3d Cir. 1998), *cert. denied*, 525 U.S. 1114 (1999)............................................................................................................19

*Rankin v. Rots,* No. 02-71045, 2006 U.S. Dist. LEXIS 45706 (E.D. Mich. June 28, 2006) ...............................................................................................9, 12

*In re Scrap Metal Antitrust Litig.*, 527 F.3d 517 (6th Cir. 2008)...........................................17, 18

*Senter v. General Motors Corp.,* 532 F.2d 511 (6th Cir. 1976)........................................................17

*Sprague v. General Motors Corp.,* 133 F.3d 388 (6th Cir. 1998) ...................................................15

*In re Telectronics Pacing Sys. Inc.,* 137 F.Supp. 2d 985 (S.D. Ohio 2001).................................................................................6, 7, 9, 10, 11, 13, 14

*Thacker v. Chesapeake Appalachia, LLC,* 2009 WL 2407614 (E.D. Ky., Aug. 5, 2009)....................................................................................................9, 15

*Tenn. Ass'n of Health Maintenance Organizations, Inc. v. Grier*, 262 F.3d 559 (6th Cir. 2001)........................................................................................................9

*Van Horn v. Trickey*, 840 F.2d 604 (8th Cir. 1988)......................................................................10

*In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124 (2d Cir. 2001).............................17

*Williams v. Vukovich*, 720 F.2d 909 (6th Cir. 1983)....................................................7, 9, 10,11

FEDERAL STATUTES

Fed.R.Civ.P. 23........................................................................................................................4, 15

Fed.R.Civ.P. 23(a) .......................................................................................................................15

Fed.R.Civ.P. 23(b) .......................................................................................................................15

Fed.R.Civ.P. 23(c)(2)...................................................................................................................19

Fed.R.Civ.P. 23(c)(2)(B) ..............................................................................................................19

Fed.R.Civ.P. 23(e) ..............................................................................................................7, 18, 19

Fed.R.Civ.P. 23(e)(1)(C) ................................................................................................................9

MISCELLANEOUS

*Herbert Newberg & Alba Conte, Newberg on Class Actions* §11.51 (3d ed. 1992) ....................14

*Manual for Complex Litig. (Second)* §30.44 .................................................................6

*Manual for Complex Litig. (Third)* §30.41 ..................................................................6

*Manual for Complex Litig. (Fourth)* §21.632 ...............................................................6

STATEMENT OF ISSUES PRESENTED

1.      Whether the Court should preliminarily approve the settlement between The Home

City Ice Company ("Home City") and the Direct Purchaser Plaintiffs ('Plaintiffs")

embodied in the Settlement Agreement Between Direct Purchaser Plaintiffs and The

Home City Ice Company dated October 30, 2009;

2.      Whether the Court should preliminarily certify a direct purchaser Settlement Class for

purposes of disseminating notice of the Home City settlement;

3.      Whether the Court should approve the forms and methods of class notice; and

4.      Whether the Court should schedule a hearing on the fairness of the Home City

settlement and set related deadlines.

<u>CONTROLLING AND MOST APPROPRIATE AUTHORITIES</u>

Fed.R.Civ.P. 23(a)(1)-(4) and (b)(3)

Fed.R.Civ.P. 23(c)(2)(B)

Fed.R.Civ.P. 23(e)

Fed.R.Civ.P. 23(g)

*Amchem Products, Inc. v. Windsor,* 521 U.S. 591 (1997)

*In re Am. Med. Sys., Inc.*, 75 F.3d 1069 (6th Cir. 1996)

*Beattie v. CenturyTel, Inc.,* 511 F.3d 554 (6th Cir. 2007)

*In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508 (E.D. Mich. 2003)

*Granada Invs. Inc. v. DWG Corp.,* 962 F. 2d 1203 (6th Cir. 1992)

*In re Insurance Brokerage Antitrust Litig.*, 2009 WL 2855855 (3rd Cir., September 8, 2009)

*Int'l Union United Auto, Aerospace & Agric. Implement Workers of American v. Ford Motor Co.,* 2006 WL 1984363 (E.D. Mich., July 13, 2006)

*Int'l Union United Auto., Aerospace & Agric. Implement Workers of America  v. General Motors Corp.,* 497 F.3d 615 (6th Cir. 2007)

*In re Scrap Metal Antitrust Litig.,* 527 F.3d 517 (6th Cir. 2008)

*Senter v. General Motors Corp.,* 532 F.2d 511 (6th Cir. 1976)

*Sprague v. General Motors Corp.,* 133 F.3d 388 (6th Cir. 1998)

*In Re Telectronics Pacing Sys. Inc.,* 137 F. Supp. 2d 985 (S.D. Ohio 2001)

*Williams v. Vukovich,* 720 F.2d 909 (6th Cir. 1983)

I.  INTRODUCTION - Plaintiffs[1], on behalf of themselves and a proposed Settlement Class of direct purchasers of Packaged Ice in the United States have entered into a Settlement Agreement with Home City.  Under the terms of the Settlement Agreement, attached hereto as Exhibit 1, Home City has paid into escrow $13.5 million, and has agreed to provide significant and prompt cooperation to Plaintiffs in connection with the prosecution of their claims against the remaining defendants.

Plaintiffs now move the Court for a Preliminary Approval Order: (1) finding that the proposed settlement with Home City is sufficiently fair, reasonable and adequate to allow dissemination of notice of the settlement to the proposed Settlement Class; (2) appointing Plaintiffs' Interim Lead Counsel and Interim Liaison Counsel as Class Counsel for the Settlement Class; (3) establishing a date for a hearing on final approval of the proposed settlement and Class Counsel's request for expenses; (4) approving the forms of class notice; (5) approving the notice plan and directing that notice be mailed and published; (6) establishing a deadline for filing papers in support of final approval of the proposed settlement and request for expenses; (7) establishing a deadline for the filing of objections by Settlement Class members; and (8) establishing a deadline for Settlement Class members to exclude themselves from the proposed Settlement Class.  Submitted herewith is a proposed Preliminary Approval Order.  The proposed Notice and Summary Notice are attached hereto as Exhibits 2 and 3, respectively.

II.  PROCEDURAL HISTORY- Starting in March, 2008, a number of direct purchaser antitrust class actions were filed against Home City and other manufacturers of Packaged Ice.  By Order dated June 5, 2008, the Judicial Panel on Multidistrict Litigation centralized all of the Packaged Ice antitrust actions in this Court.  On June 1, 2009, the Court appointed the law firms

---

[1] Plaintiffs are Alvin's Enterprises, Inc. d/b/a Party King, Suzie's Investments, Inc. d/b/a Checker Drugs & Food, Arkansas Garden Center West, LLC, Arkansas Garden Center North, LLC, Chi-Mar Enterprises, Inc., Kingsway Enterprises, Polly's Food Service, Inc., Kenco, Inc., and Thomas Beverages Co., Inc. d/b/a Thomas Liquors.

of Kohn, Swift & Graf, P.C. as Interim Lead Counsel and Gurewitz & Raben, PLLC as Interim Liaison Counsel for the direct purchaser class.  On September 15, 2009, Plaintiffs filed a Consolidated Amended Class Action Complaint (the "Complaint"), in which they allege that the Home City and the other defendants violated the antitrust laws.  The Arctic Glacier and Reddy Ice defendants filed motions to dismiss the Complaint on October 30, 2009.  Plaintiffs' responses are due on November 30, 2009.

III.     <u>SUMMARY OF THE HOME CITY SETTLEMENT AGREEMENT</u> - Plaintiffs and Home City executed the Settlement Agreement on October 30, 2009 after several months of settlement negotiations, conducted by Plaintiffs' Counsel and Home City's Counsel from the law firms of Hogan & Hartson and Graydon, Head & Richey.

(a)     <u>The Settlement Amount</u> - The Settlement Agreement provides that Home City will pay $13.5 million in settlement.  The settlement payment has been made to an escrow account established under the Settlement Agreement.  The bulk of the settlement funds are to be invested in United States Government Treasury obligations, while up to $225,000, which may be used  to pay notice expenses, may be invested in United States Treasury Money Market Funds or in a federally insured bank account.

(b)     <u>Cooperation</u> - In addition to paying the $13.5 million, Home City has agreed to cooperate with Class Counsel in connection with the prosecution of Plaintiffs' claims against the remaining defendants.  Upon entry of an order granting preliminary approval of the settlement, Home City has agreed to promptly produce documents relating to the allegations in the Complaint, as well as and electronic sales and cost data.  Home City will also, after preliminary approval, arrange meetings between outside counsel for Home City and Plaintiffs' Counsel, at which Home City's counsel will identify documents and facts relating to

2

the allegations in the action. *Id.* ¶28. After the Effective Date of the settlement, Home City has also agreed to use its best, good faith efforts to make present and former officers and employees with knowledge of the alleged anticompetitive conduct available for interviews, depositions or trial testimony. *Id.* ¶30. Home City also agrees to provide declarations and testimony that may be necessary to establish the admissibility of its documents. The cooperation is subject to a confidentiality stipulation, which the parties are negotiating. *Id.* ¶29.

(c)     Release- Upon the occurrence of the Effective Date, Home City and the Releasees (as defined in ¶6 of the Settlement Agreement) will be released by the Settlement Class. *Id.* ¶18.

(d)     Sales by Home City Remain in the Case Against the Other Defendants - The proposed settlement will not affect the non-settling defendants' joint and several liability for the alleged conspiracy. Home City's sales remain in the case and the non-settling defendants remain jointly and severally liable for damages on those sales. *Id.* ¶32. Thus, the settlement with Home City will not limit the Settlement Class' right to recover the full amount of damages from the other defendants.

(e)     Rights to Reduce the Settlement Amount or Withdraw From the Settlement - Paragraph 20 of the Settlement Agreement provides that Home City may reduce its settlement payment based on certain thresholds being crossed regarding the percentage of purchases of Packaged Ice from Home City during the Class Period by Home City customers that elect to be excluded from the Settlement Class. Paragraph 20 also provides that Home City has the right to withdraw from the settlement if the total dollar amount of purchases by Settlement Class members requesting exclusion from the Settlement Class exceeds a certain percentage of either the total sales by Home City, or from the other defendants, during the Class Period.

3

(f)     <u>Most Favored Nation Provision</u> - Paragraph 34 of the Settlement Agreement provides that if Plaintiffs enter into a settlement with any other defendant that provides for a payment based on a "Settlement Ratio"[2] lower than the Home City Settlement Ratio, then Home City will be due a refund of the amount it paid in excess of what it would have paid using the other defendant's lower Settlement Ratio, subject to various contingencies that can reduce or eliminate the effect of this provision.

(g)     <u>Stipulation to Class Certification</u> - Paragraph 12 of the Settlement Agreement provides that the parties stipulate that the requirements of Fed.R.Civ.P. 23(a) and 23(b)(3) are satisfied and, subject to Court approval, that the following direct purchaser Settlement Class shall be certified for settlement purposes only as to Home City:

> All purchasers of Packaged Ice who purchased Packaged Ice in the United States directly from any of the Defendants or their subsidiaries or affiliates (including all predecessors thereof) at any time during the period from January 1, 2001 to March 6, 2008. Excluded from the Settlement Class are governmental entities and Defendants, including their parents, subsidiaries, predecessors or successors, and Defendants' co-conspirators.

At this time, Plaintiffs seek the Court's preliminary approval of the settlement and authorization to disseminate notice to members of the proposed Settlement Class.  In the motion for final settlement approval, Plaintiffs will move for final certification of the Settlement Class..

IV.     <u>PROPOSED TIMETABLE</u> -  The proposed Preliminary Approval Order sets forth an orderly procedure and timetable for disseminating notice to the Settlement Class and for final approval: (1) defendants to provide direct purchaser data to Plaintiffs' Counsel within thirty (30) days from the date of the entry of the Preliminary Approval Order, and notice to be mailed no later than thirty (30) days following the date on which Class Counsel receive the Packaged Ice purchaser information from defendants (the "Notice Date"); (2) summary Notice to be published

---

[2] The Settlement Ratio is computed by dividing the settlement amount by the settling defendant's sales of Packaged Ice in the United States during the Settlement Class period.

in the National Edition of *The Wall Street Journal* within approximately ten (10) days of the Notice Date; (3) Plaintiffs' motion for final approval of the settlement and for expenses to be filed thirty (30) days prior to the date of the Final Approval hearing (the "Hearing"); (4) any requests for exclusion from the Settlement Class must be postmarked no later than twenty (20) days prior to the Hearing; (5) any objection to the settlement or to the motion for expenses must be filed with the Court and served on Class Counsel and counsel for Home City no later than twenty (20) days prior to the Hearing; (6) affidavits or declarations that notice to the Settlement Class was made in accordance with the Preliminary Approval Order to be filed ten (10) days prior to the Hearing; and (7) scheduling the Hearing at the Court's convenience after the foregoing have been completed.

Plaintiffs are not at this stage proposing a plan of allocation and distribution of the Home City settlement funds if the settlement is approved. Plaintiffs will propose an allocation plan at a future date, including the dissemination of additional notice and a proof of claim form to the Settlement Class members concerning allocation and distribution. Plaintiffs' Counsel will also not be making a request for an award of attorneys' fees at this time. The Notice, however, does inform the Settlement Class members that Plaintiffs' Counsel will at a later time seek an award of attorneys' fees not to exceed 30% of the settlement funds, and reimbursement of litigation expenses. Plaintiffs' counsel will, however, as provided in the Settlement Agreement, and as set forth in the Notice to the Class, seek at the time of the Hearing authorization from the Court to expend up to $750,000 of the Home City settlement funds on litigation costs incurred in prosecuting the claims against the remaining defendants.

V.      THE PROPOSED SETTLEMENT IS SUFFICIENTLY FAIR, REASONABLE AND
        ADEQUATE TO AUTHORIZE DISSEMINATION OF CLASS NOTICE

        A.      Governing Standards - The procedure for disseminating notice to the class and

then conducting a hearing to approve the settlement is well established by courts in the Sixth

Circuit and elsewhere. The *Manual For Complex Litigation (Fourth)* §21.632 (2004),

summarizes what has developed over the years as the common framework for the Court's

preliminary evaluation of a proposed class action settlement: "Review of a proposed class action

settlement generally involves two hearings.  First counsel submit the proposed terms of

settlement and the judge makes a preliminary fairness evaluation. . . .  The Judge must make a

preliminary determination on the fairness, reasonableness and adequacy of the settlement terms

and must direct the preparation of notice of the . . . proposed settlement, and the date of the

fairness hearing." *See Bobbitt v. Academy of Court Reporting,* 2009 WL 2168833, at *1 (E.D.

Mich., July 21, 2009) (*citing, inter alia, Manual (Fourth))*.

        "If the proposed settlement appears to be the product of serious, informed, non-collusive

negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to

class representatives or segments of the class, and falls with[in] the range of possible approval,

then the Court should direct that notice be given to the class members of a formal fairness

hearing, at which evidence may be presented in support of and in opposition to the settlement."

*In Re Telectronics Pacing Sys. Inc.,* 137 F. Supp. 2d 985, 1015 (S.D. Ohio 2001) (*quoting

Manual for Complex Litig. (Second)* §30.44 (1985)).  *In re Automotive Refinishing Paint

Antitrust Litig.,* 2003 U.S. Dist. LEXIS 4681 (E.D. Pa., March 17, 2003)(*quoting Manual (Third)*

§30.41); *Int'l Union United Auto, Aerospace & Agric. Implement Workers of American v. Ford

Motor Co.,* 2006 WL 1984363, at *4 (E.D. Mich., July 13, 2006).  A proposed settlement falls

within the "range of possible approval" under Rule 23(e) where there is a conceivable basis for

presuming that the proposed settlement will meet the more rigorous standards applied for final

approval.  The standard for final approval of a class action settlement is whether the proposed

settlement is fair, reasonable and adequate.  Fed. R. Civ. P. 23(e)(2); *In re Delphi Corp. Sec.,*

*Deriv. & "ERISA" Litig.,* 248 F.R.D. 483, 495-96 (E.D. Mich. 2008).  That determination must

await the final hearing where the fairness, reasonableness and adequacy of the settlement is

assessed under the applicable final approval factors.[3]  *See In re Linerboard Antitrust Litig.*, 292

F. Supp. 2d 631, 638 (E.D. Pa. 2003).

      "[T]he court first must determine whether the proposed settlement is potentially

approvable."  *Berry v. Sch. Dist. Of City of Benton Harbor,* 184 F.R.D. 93, 97 (W.D. Mich.

1998).  The purpose of this preliminary review is to "ascertain whether there is any reason to

notify the class members of the proposed settlement and to proceed with a fairness hearing." *Id.*

The court "bases its preliminary approval of a proposed settlement upon its familiarity with the

issues and evidence of the case as well as the arms-length nature of the negotiations prior to the

settlement."  *Telectronics,* 137 F. Supp. 2d at 1026.

      B.      <u>The Settlement Meets the Standards for Preliminary Approval Under Rule 23</u> –

      Plaintiffs and Home City have entered into a Settlement Agreement that provides for a

$13.5 million cash payment and extensive cooperation obligations on the part of Home City.

The settlement amount reflects information provided by Home City as part of the settlement

negotiations, consultation with economic experts, and constitutes a meaningful recovery.  The

$13.5 million settlement amount represents approximately 2.5% of Home City's total United

States sales of Packaged Ice during the proposed Settlement Class Period from and including

January 1, 2001 to and including March 6, 2008.  This percentage is comparable to settlements in

other antitrust class actions that have been approved.  *See, e.g., In re Pressure Sensitive*

---

[3] In *Granada Invs. Inc. v. DWG Corp.,* 962 F. 2d 1203, 1205 (6th Cir. 1992) and *Williams v. Vukovich,* 720 F.2d 909, 921 (6th Cir. 1983), the Sixth Circuit Court set forth factors (discussed *infra*) for the district court to consider when exercising its discretion to determine if the settlement is "fair, reasonable and adequate."

*Labelstock Antitrust Litig.,* 584 F. Supp. 2d 697, 702 (M.D. Pa. 2008) ($8.25 million settlement

represented  1.5% of settling defendant's sales during the class period); *Meijer Inc. v. 3M,* 2006

WL 2382718, at *20 (E.D. Pa., Aug. 14, 2006) (settlement of $28.9 million represented 2% of

settling defendant's sales to class members); *In re Linerboard Antitrust Litig.,* 321 F. Supp. 2d

619, 627 (E.D. Pa. 2004) (settlements of $34 million and $92.5 million represented 2.0% and

1.62% of settling defendants' sales approved); *In re Automotive Refinishing Paint Antitrust*

*Litig.,* 2004 WL 1068807 (E.D. Pa., May 11, 2004) (two settlements worth $48 million

representing 2% of sales).

 In addition, the Home City settlement has value as an "ice-breaker" settlement.  As the

court stated in *In re Linerboard Antitrust Litig.,* 292 F. Supp. 2d at 643: "The Court also notes

that this settlement has significant value as an "ice-breaker" settlement – it is the first settlement

in the litigation – and should increase the likelihood of future settlements.  An early settlement

with one of many defendants can "break the ice" and bring other defendants to the point of

serious negotiations."

 Another important aspect of the settlement is the cooperation that Home City has agreed

to provide.  Cooperation provisions can constitute a "substantial benefit" to the class.

*Linerboard*, 292 F. Supp. 2d at 643.  The cooperation provisions of the Home City Settlement

Agreement provide just such a substantial benefit to the class.  *See also Labelstock,* 584 F. Supp.

2d at 702.

 The parties to the Settlement Agreement engaged in arm's-length negotiations over

several months, and the proposed Settlement Class is represented by experienced counsel.  The

proposed settlement is preferable to the possibility of a smaller recovery, or no recovery at all.

Because the proposed settlement is within the range of possible approval, Plaintiffs respectfully

submit that it merits preliminary approval.

C.     Consideration of Final Approval Criteria Supports Preliminary Approval - The Court is not required at the preliminary approval stage to determine whether it ultimately will finally approve the settlement.  Nevertheless, preliminary consideration of the factors the Court considers when evaluating the fairness of a settlement for purposes of deciding whether to grant final approval supports preliminarily approving the Home City settlement and authorizing the dissemination of notice to the Settlement Class.

Fed.R.Civ.P. 23(e)(1)(C) provides that "the court may approve a settlement…that would bind class members only after a hearing and on finding that the settlement is fair, reasonable, and adequate.'"  *Rankin v. Rots,* No. 02-71045, 2006 U.S. Dist. LEXIS 45706, at *8 (E.D. Mich. June 28, 2006).  "There are three steps which must be taken by the court in order to approve a settlement: (1) the court must preliminarily approve the proposed settlement, (2) members of the class must be given notice of the proposed settlement, and (3) after holding a hearing, the court must give its final approval of the settlement."  *Telectronics.,* 137 F. Supp. 2d at 1026 (citing *Williams v. Vukovich,* 720 F.2d 909, 921 (6th Cir. 1983)).[4]

Generally, in evaluating a proposed class settlement, the court does "not decide the merits of the case or resolve unsettled legal questions."  *Carson v. Am. Brands, Inc.,* 450 U.S. 79, 88 n. 14 (1981); *see also Rankin,* 2006 Dist. LEXIS 45706, at *9 (The Court will not substitute its business judgment for that of the parties; the only question…is whether the settlement, taken as a whole, is so unfair on its face as to preclude judicial approval.") (internal quotation omitted).  There are two reasons for this.  First, the object of settlement is to avoid the determination of contested issues, so the approval process should not be converted into an abbreviated trial on the merits.  *Van Horn v. Trickey,* 840 F.2d 604, 607 (8th Cir. 1988).  Second, "[b]eing a preferred means of dispute resolution, there is a strong presumption by courts in favor of settlement."

---

[4] *Accord Thacker v. Chesapeake Appalachia, LLC,* 2009 WL 2407614, at *8 (E.D. Ky., Aug. 5, 2009)(citing *Tenn. Ass'n of Health Maintenance Organizations, Inc. v. Grier*, 262 F.3d 559, 565-66 (6th Cir. 2001)).

*Telectronics,* 137 F. Supp. 2d at 1008-09 (*citing Manual (Third)* §30.42 (1995)).  This is particularly true in the case of class actions.  *Berry,* 184 F.R.D. at 97.

A court's inquiry on final approval is whether the proposed settlement is "fair, adequate, and reasonable to those it affects and whether it is in the public interest."  *Lessard v. City of Allen Park,* 372 F. Supp. 2d 1007, 1009 (E.D. Mich. 2005) (citing *Williams v. Vukovich,* 720 F.2d at 921-23).  This determination requires consideration of "whether the interests of the class as a whole are better served if the litigation is resolved by settlement rather than pursued."  *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508, 522 (E.D. Mich. 2003).

The Sixth Circuit has identified factors relevant in determining whether a settlement is fair, reasonable and adequate: (1) the likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement; (2) the risks, expenses, and delay of further litigation; (3) the judgment of experienced counsel who have competently evaluated the strengths and weaknesses of their case; (4) the amount of discovery completed and the character of the evidence uncovered; whether the settlement is fair to the unnamed class members; (5) objections raised by class members; whether the settlement is the product of arm's-length negotiations; and (6) whether the settlement is consistent with the public interest.

*Int'l Union United Auto., Aerospace & Agric. Implement Workers of America  v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007); *Granada Invs. Inc.,* 962 F.2d at 1205; *Vukovich*, 720 F.2d at 921; *Ford*, 2006 WL 1984363, at *22 (*citing In re Cardizem*, 218 F.R.D. at 522).

    1.    <u>The Likelihood of Plaintiffs' Success on the Merits Weighed Against the Amount and Form of the Relief Offered in Settlement Supports Approval</u> -

Plaintiffs are optimistic about their ultimate success in this matter.  Defendants, however, have a different view, as their motions to dismiss demonstrate.  Plaintiffs believe that Defendants are prepared to defend this case through trial and appeal.  Defendants are represented by highly experienced and competent counsel.  Risk is  inherent in any litigation, and class actions are no

10

different.  So, despite their optimism, Plaintiffs must acknowledge the risk that defendants could prevail with respect to certain legal or factual issues, which could result in  reducing or eliminating Plaintiffs' potential recovery.  As a result, success is not certain.[5]

The risk must be weighed against the settlement consideration: $13.5 million in cash and extensive cooperation by Home City, both valuable to the Settlement Class members.  Weighing the two tilts the scale toward approval.

2.     The Risks, Expenses, and Delay of Continued Litigation Favor Approval - "Settlements should represent 'a compromise which has been reached after the risks, expense and delay of further litigation have been assessed.'"  *Cardizem,* 218 F.R.D. at 523 (*quoting Vukovich,* 720 F.2d at 922).  "[T]he prospect of a trial necessarily involves the risk that Plaintiffs would obtain little or no recovery."  *Id.* at 523.  This is particularly true for class actions, which are "inherently complex." *Telectronics,* 137 F. Supp. at 1013.  "[S]ettlement avoids the costs, delays, and multitude of other problems associated with them." *Id.*  Plaintiffs are still litigating with the other defendants, so it is not appropriate to discuss with any specificity Plaintiffs' Counsel's analysis of the risks of litigation because of the chance that those defendants would seek to use any such disclosures against Plaintiffs going forward.  Plaintiffs' Counsel believe that at this point that it is sufficient to say that antitrust litigation of this scope has certain inherent risks that the settlement at least partially negates.

The proposed settlement eliminates the risks, expense and delay with respect to a recovery from Home City, ensures a substantial payment to the Settlement Class, and provides the Settlement Class with cooperation that will be used to pursue the claims against the remaining defendants.  This factor also supports preliminary approval of the proposed settlement.

---

[5] The Home City guilty plea and Arctic Glacier and its executives' plea agreements relate to a limited geographic area.  The Complaint alleges that the defendants participated in a nationwide conspiracy to unreasonably restrain trade.

3. & 4. <u>The Judgment of Experienced Counsel Who Have Competently Evaluated</u> <u>the Strength of Their Claims and the Amount and Character of Discovery and Evidence</u> <u>Uncovered Supports Approval</u> - In deciding whether a proposed settlement warrants approval, "[t]he Court should also consider the judgment of counsel and the presence of good faith bargaining between the contending parties." *Rankin,* 2006 U.S. Dist. LEXIS 45706, at *8.

Plaintiffs' counsel have extensive experience in handling class action antitrust and other complex litigation. The Court appointed Kohn, Swift & Graf, P.C. as Interim Lead Counsel and Gurewitz & Raben, PLLC as Interim Liaison Counsel on June 1, 2009. They negotiated this settlement at arm's-length over a period of months with well respected and experienced counsel for Home City. Plaintiffs' counsel believe the proposed settlement constitutes an excellent result.

Plaintiffs' Counsel's investigation, publicly available information about the Department of Justice's investigation, the Informations charging Home City, Arctic Glacier International, Inc., and Arctic Glacier officers Gary Cooley, Frank Larson, and Keith Corbin with antitrust violations, Home City's guilty plea, and Arctic Glacier International, Cooley, Larson and Corbin's plea agreements all provide some important information about the Packaged Ice conspiracy. Information provided by Home City's attorneys in the settlement negotiations and consultation with damages experts also allowed Plaintiffs' counsel to evaluate the strengths and weaknesses of this case. Plaintiffs' counsel believe that the Home City settlement is fair, reasonable, and in the best interests of the Plaintiffs and the Settlement Class. The opinion of Plaintiffs' Counsel supports both preliminary (and final) approval of the settlement.[6]

---

[6] Although the amount of discovery completed is a factor to be considered in the settlement approval process, there is no set amount of discovery that must be done to satisfy this factor. *In re Jiffy Lube Sec. Litig.,* 927 F.2d 155, 159 (4th Cir. 1991). Indeed, discovery may not be necessary at all for the parties to fully evaluate the merits of the Plaintiffs' claims. *Id.* (approving settlement after four months of litigation and prior to any formal discovery); *see also Horton v. Merrill Lynch, Pierce, Fenner & Smith,Inc.,* 855 F. Supp. 825, 829 (E.D. NC 1994) (approving

5. & 6. <u>The Proposed Settlement is Fair to the Settlement Class Members</u> - The settlement provides for a payment of $13.5 million, significant monetary relief that will be allocated to the members of the Settlement Class after deduction of Court approved fees and expenses.  Plaintiffs' Counsel anticipate that the Home City (and any other) settlement funds will be allocated among Settlement Class members based on the dollar amount of their purchases of Packaged Ice during the Settlement Class period.  In addition, as discussed above, the extensive cooperation called for by the settlement is another substantial benefit to the Settlement Class.

At this time, the Court cannot assess Factor 6 (objections by class members).  Even if there are objections, their "existence… does not mean that the settlement is unfair." *Telectronics,* 137 F. Supp. 2d at 1018.  Further, "[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement."  *Cardizem,* 218 F.R.D. at 527.

7. <u>The Settlement Agreement is the Product of Arm's-Length  Negotiations</u> - There is a presumption that settlement negotiations were conducted in good faith and that the resulting agreement was reached without collusion, unless there is evidence to the contrary. *Telectronics,* 137 F. Supp. 2d at 1018 (citing *Herbert Newberg & Alba Conte, Newberg on Class Actions* §11.51 (3d ed. 1992) ("Courts respect the integrity of counsel and presume the absence of fraud or collusion in negotiating the settlement, unless evidence to the contrary is offered."); *Ford,* 2006 WL 1984363, at *26.

Plaintiffs' Counsel have extensive experience in handling class action antitrust cases and other complex litigation, and they negotiated at all times at arm's-length with Home City's

---

settlement in case in which discovery consisted of production of 3,800 pages of documents and two "confirmatory" depositions); *Ford,* 2006 WL 1984363, at *25 "[T]he absence of formal discovery is not an obstacle [to settlement approval], so long as the parties and the Court have adequate information in order to evaluate the relative position of the parties.").

counsel.  Therefore, the presumption also supports preliminary approval of the Home City settlement.

        8.    <u>The Settlement is Consistent With the Public Interest</u> - "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously different and unpredictable' and settlement conserves judicial resources." *Cardizem*, 218 F.R.D. at 530 (quoting *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)).  *Accord Ford,* 2006 WL 1984363, at *21.  There do not appear to Plaintiffs' Counsel to be any countervailing public interest justifications present here that would suggest any reason not to preliminarily (or finally) approve the Home City settlement.  This factor also supports approval.

*         *         *

        Consideration of the above factors supports preliminary approval of the proposed Home City settlement.

        D.    <u>Preliminary Certification of the Settlement Class for Purposes of Disseminating Notice is Also Appropriate</u> - At this juncture Plaintiffs are only seeking authorization from the Court to send notice to the Settlement Class members.  Plaintiffs will later seek final approval of a class of direct purchasers of Packaged Ice for settlement purposes only.  *See Ford,* 2006 WL 1984363, at *3, *18; *Cardizem,* 218 F.R.D. at 516-17.  As with the preliminary approval of the settlement,  Plaintiffs will address the factors for final certification of a Packaged Ice direct purchaser Settlement Class for purposes of the Home City settlement only.  *See Thacker v. Chesapeake Appalachia, LLC,* 2009 WL 2407614, at *3 - *8.[7]

---

[7] The ability of the non-settling defendants to contest certification of a litigation class will be unimpaired by the certification of a Home City settlement only class.  Paragraph 8 of the proposed Rule 54(b) Final Judgment Order (attached as Exhibit D to the Settlement Agreement) provides that "[t]he Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any defendant other than Home City to contest certification of any other class proposed by Plaintiffs.  The Court's findings in this Final Judgment Order shall have no affect on the Court's ruling on any motion to certify any class in this litigation and no party may cite or

1.      The Proposed Settlement Class Satisfies the Requirements of Rule 23(a) -

Certification of a class requires meeting the requirements of Fed.R.Civ.P. 23(a) and one of the

subsections of Rule 23(b).  *Ford,* 2006 WL 1984363, at *19 (*citing Sprague v. General Motors

Corp.,* 133 F.3d 388, 397 (6th Cir. 1998)).

(a)      The Settlement Class Meets the Numerosity Requirement -  Rule

23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."

Here, according to certain defendants' SEC filings and Annual Reports, their customers number

in the tens of thousands.  *See also* Complaint ¶ 15 (alleging tens of thousands of class members).

Thus, the Settlement Class is too large for joinder to be practicable, satisfying the numerosity

requirement.

(b)      Common Questions of Law and Fact Exist - Fed. R. Civ. P.

23(a)(2) requires that a proposed class action involve "questions of law or fact common to the

class."  "[T]here need be only a single issue common to all members of the class," *In re Am.*

*Med. Sys., Inc.*, 75 F.3d 1069, 1080 (6th Cir. 1996), and "the resolution of [that common issue]

will advance the litigation."  *Sprague*, 133 F.3d at 397.

In the present case, Plaintiffs have identified common questions of law and fact, such as:

whether the defendants contracted, combined, or conspired to allocate territories and customers

to fix, raise, maintain, or stabilize Packaged Ice prices; the existence and duration of the alleged

contract, combination, or conspiracy; whether the contract, combination, or conspiracy caused

Packaged Ice prices to be higher than they would have been in the absence of defendants'

conduct, whether defendants' conduct caused injury to the business or property of Plaintiffs and

members of the Class, whether defendants' conduct violates Section 1 of  the Sherman Antitrust

---

refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to
certify such class."

Act, and the appropriate measure of the amount of damages suffered by the Class.  Complaint ¶ 20.  The requirement of Rule 23(a)(2) is satisfied.

   (c) <u>Plaintiffs' Claims Are Typical of Those of the Settlement Class</u> - Rule 23(a)(3) requires that the claims of the representative parties be typical of the claims of the class.  Plaintiffs' claims arise from the same course of conduct  as the claims of the Settlement Class, the defendants' alleged violations of the antitrust laws.  Plaintiffs and the Settlement Class are proceeding on the same legal claim, and alleged violation of Section 1 of the Sherman Antitrust Act.  *See Ford*, 2006 WL 1984363 *19 (*quoting In re Am. Med. Sys., Inc.,* 75 F.3d at 1082)).  Therefore, Rule 23(a)(3)'s requirement is met.

   (d) <u>The Named Plaintiffs Will Fairly and Adequately Protect the Interests of the Settlement Class Members</u>- Rule 23(a)(4) requires that the class representative fairly and adequately protect the interests of the class.  "To satisfy Rule 23(a)(4), class representatives 'must possess the same interest and suffer the same injury'" as the class members.  *Ford, supra,* at *19 (*quoting Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 625-26 (1997)).  There are two criteria for determining adequacy of representation: (1) the proposed class representative must have common interests with the other class members; and (2) it must appear that the class representative will vigorously prosecute the interests of the class through qualified counsel.  *E.g., Ford, supra, at * 19 (quoting Senter v. General Motors Corp.,* 532 F.2d 511, 525, (6th Cir. 1976)).

  These requirements are met here.  The Plaintiffs' interests are the same as those of the absent class members because they all seek to prove that defendants violated the antitrust laws.  Plaintiffs' interests are aligned with those of the Settlement Class, and they have retained qualified and experienced counsel to pursue this action.

2.     <u>The Proposed Settlement Class Satisfies the Requirements of Rule</u>

<u>23(b)(3) For Settlement Purposes</u> -  Class certification under Rule 23(b)(3) is appropriate if

"questions of law or fact common to the members of the class predominate over any questions

affecting only individual members, and… a class action is superior to other available methods

for the fair and efficient adjudication of the controversy."  *See In re Scrap Metal Antitrust Litig.,*

527 F.3d 517, 535 (6th Cir. 2008).   The predominance requirement is met where "'the issues in

the class action that are subject to generalized proof, and thus applicable to the class as a

whole,…predominate over those issues that are subject only to individualized proof.'"  *Beattie v.*

*CenturyTel, Inc.,* 511 F.3d 554, 564 (6th Cir. 2007) (*quoting In re Visa Check/MasterMoney*

*Antitrust Litig.,* 280 F.3d 124, 136 (2d Cir. 2001)).  Proof of the conspiracy is a common,

predominating question.  *Scrap Metal*, 527 F.3d at 535.  Affirming class certification in *Scrap*

*Metal,* the Sixth Circuit observed that the "district court found that the '*allegations* of price-

fixing and market allocation…will not vary among class members'…  Accordingly, the court

found that the 'fact of damages' was a question common to the class even if the amount of

damages sustained by each individual class member varied."  *Scrap Metal,* 527 F.3d at 535

(emphasis in original).

In this case Plaintiffs are seeking certification of a class for purposes of the Home City

settlement only.  Recently, in *In re Insurance Brokerage Antitrust Litig*., 2009 WL 2855855 (3rd

Cir., September 8, 2009), the Third Circuit affirmed the certification of settlement classes and

settlement approvals by the district court in an antitrust and RICO case that the district court had

dismissed three times, the last time with prejudice.  The district court preliminarily approved the

settlements, notice was disseminated, and the settlements were finally approved.  Objectors

appealed the certification of the settlement classes and the approval of the settlements.  The

objectors challenged certification of the settlement classes principally on the ground that the

predominance requirement could not be met.  The Third Circuit pointed out that there was not going to be a trial,[8] and the impact inquiry could be proven on a classwide basis based on plaintiffs' theory.  *Id*. at *20.  Individual issues regarding the amount of damages did not destroy predominance. *Id*.[9]  As in *Insurance Brokerage, supra,* for purposes of the Home City settlement the requirements of Rule 23(b)(3) are met.

    3. <u>Rule 23(g) is Satisfied</u>- Rule 23(g) requires the court to examine the capabilities and resources of class counsel to determine whether they will provide adequate representation to the class.  The Court appointed Kohn, Swift & Graf, P.C. and Gurewitz & Raben, PLLC as Interim Lead and Liaison Counsel on June 1, 2009.  They submit that, for the same reasons that the Court appointed them to those positions in June 2009, it appoint them Class Counsel for the proposed Home City Settlement Class.

VI. <u>NOTICE TO THE CLASS</u> - Federal Rule of Civil Procedure 23(e)(1) provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the [proposed settlement]."  For Rule 23(b)(3) actions, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed.R.Civ.P. 23(c)(2)(B).  Rule 23(c)(2)(B) also requires a notice to clearly state: (1) the nature of the action; (2) the class definition; (3) the claims, issues or defenses; (4) that a class member may enter an appearance through an attorney if the member so desires; (5) that the court will exclude any member from the class who so requests; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment.

---

[8] In *Amchem,* 521 U.S. at 620, the Court explained that, when determining whether the Rule 23(b)(3) requirements were met when asked to certify a settlement only class, the court need not consider the difficulties in managing a trial of the case because the idea is that the settlement will end the litigation without a trial.  *See Cardizem,* 218 F.R.D. at 517.
[9] *See Scrap Metal,* 527 F.3d at 535-36; *Beattie,* 511 F.3d at 563.

Plaintiffs propose providing individual, mailed notice to the extent practicable.  The Notice (attached hereto as Exhibit 2) will be mailed, First Class, postage prepaid, to all Settlement Class members identified by defendants as direct purchasers of Packaged Ice in the United States from defendants and their subsidiaries, affiliates and their predecessors during the proposed Settlement Class period.  The Summary Notice (attached hereto as Exhibit 3) will be published in the national edition of *The Wall Street Journal*.  In addition, Notice will be posted on Kohn, Swift's web site on the Internet.

Plaintiffs believe that the content and proposed method of dissemination of the Notice and Summary Notice fulfill the requirements of Fed.R.Civ.P. 23(c)(2)(B) and 23(e)(1) and due process.  *See generally, In re Prudential Ins. Co. America Sales Litig.*, 148 F.3d 283, 326-27 (3d Cir. 1998), *cert. denied*, 525 U.S. 1114 (1999).  The Notice and Summary Notice apprise Settlement Class members of the nature of the action, the Settlement Class definition, the class claims, that a Settlement Class member may enter an appearance through the member's own counsel, the material settlement terms, the procedures available to members regarding the settlement (and related deadlines), information concerning  requesting to be excluded from the Settlement Class, the date, time and place of the Final Approval hearing, and about the binding effect of a class judgment.  Because the proposed Notice and plan for disseminating notice satisfies all the requirements of the Federal Rules and due process, Plaintiffs respectfully request that  the Notices and the notice plan be approved.

VII.    <u>CONCLUSION</u> - The settlement with Home City is the result of extensive good faith negotiations, after thorough factual investigation and legal analysis, and is, in the opinion of Plaintiffs' Counsel, who are experienced in these matters, fair, reasonable, and adequate to the proposed Settlement Class.  Accordingly, Plaintiffs' Counsel believe that the settlement with Home City is in the best interests of the Settlement Class members and should be preliminarily

approved by the Court for the purpose of sending notice of the settlement to the Settlement

Class.  Therefore, Plaintiffs respectfully request that Plaintiffs' Motion for Preliminary Approval

of a Proposed Settlement with The Home City Ice Company and for Authorization to

Disseminate Notice be granted.

DATED: November 13, 2009                             Respectfully submitted,


                                                      /s/  *Joseph C. Kohn*
Harold Gurewitz (P14468)                             Joseph C. Kohn
GUREWITZ & RABEN, PLLC                               Robert J. LaRocca
333 West Fort Street                                 William E. Hoese
Suite 1100                                           Stephen H. Schwartz
Detroit, MI 48226                                    KOHN, SWIFT & GRAF, P.C.
(313) 628-4733                                       One South Broad Street, Suite 2100
                                                     Philadelphia, PA 19107
                                                     (215) 238-1700


            Interim Lead and Liaison Counsel for the Direct Purchaser Class

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on November 13, 2009, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following counsel for defendants:

    James R Nelson
    jr.nelson@dlapiper.com,vivian.jackson@dlapiper.com,eli.burriss@dlapiper.com,
    laurie.davis@dlapiper.com

    David H Bamberger
    david.bamberger@dlapiper.com,jessica.green-johnson@dlapiper.com

    Jarod Bona
    jarod.bona@dlapiper.com,dawn.solfield@dlapiper.com

    Melissa B. Hirst
    mbhirst@jonesday.com

    Paula W Render
    prender@jonesday.com

    Michael A Roberts
    mroberts@graydon.com

    John B. Pinney
    jpinney@graydon.com,tlewis@graydon.com


        */s/  William E. Hoese*
        William E. Hoese
        KOHN, SWIFT & GRAF, P.C.
        One South Broad Street, Suite 2100
        Philadelphia, PA  19107
        (215) 238-1700