UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE PACKAGED ICE ANTITRUST
LITIGATION

Case No. 08-MD-01952

Paul D. Borman
United States District Judge

DIRECT PURCHASERS ACTION

_____/

OPINION AND ORDER DENYING JOINT MOTION BY THE REDDY ICE AND THE
ARCTIC GLACIER DEFENDANTS TO STAY CONSIDERATION OF DIRECT
PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
SETTLEMENT WITH THE HOME CITY ICE COMPANY (DKT. NO. 211)

Before the Court is the Joint Motion by the Reddy Ice and the Arctic Glacier Defendant to Stay Consideration of Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Settlement With The Home City Ice Company (Dkt. No. 211.) The Direct Purchaser Plaintiffs filed a Response. (Dkt. No. 214.) Defendant Home City Ice Company ("Home City") filed a Response. (Dkt. No. 214.) Reddy Ice and the Arctic Glacier Defendants filed a joint Reply to the Direct Purchaser's Response (Dkt. No. 219) and filed a joint Reply to Home City's Response (Dkt. No. 221.) The Court held a hearing on July 21, 2010. For the reasons that follow, the Court DENIES the motion.

**INTRODUCTION**

This action is the lead case in the consolidated class action *In Re Packaged Ice Antitrust Litig.*, No. 08-MD-01952. In this multidistrict litigation involving 68 consolidated actions, Plaintiffs are both direct purchasers (retail stores and gas stations who purchased from Defendants) and indirect purchasers (individuals who purchased from retail stores and gas stations) of Packaged Ice

1

from Defendants in the United States. The Direct Purchasers allege that Defendant Reddy Ice Holdings, Inc. and its wholly owned subsidiary Reddy Ice Corporation (the "Reddy Ice Defendants"), Defendant Arctic Glacier Income Fund ("AGIF"), its wholly owned subsidiary Arctic Glacier, Inc. ("AG") and AG's wholly owned subsidiary Arctic Glacier International, Inc. ("AGI") (collectively the "Arctic Glacier Defendants") and Defendant Home City Ice Company ("Home City") conspired to allocate customers and markets throughout the United States, in violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1. The case is presently before the Court on the Joint Motion of the Reddy Ice and the Arctic Glacier Defendants to Stay Consideration of Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Settlement with the Home City Ice Company. (Dkt. No. 211.) For the reasons that follow, the Court DENIES the motion to stay.

## I. BACKGROUND

### A. The Multidistrict Litigation

In 2008, the Department of Justice ("DOJ") went public with a criminal investigation into the packaged ice industry in the United States. Thereafter, multiple civil antitrust actions were filed against the Reddy Defendants, the Arctic Glacier Defendants and the Home City Defendant. On June 5, 2008, Pursuant to 28 U.S.C. § 1407, the United States Judicial Panel on Multidistrict Litigation ("MDL") transferred all pending and subsequent related civil actions to this District, and ordered that they be assigned to this Court for coordinated or consolidated pretrial proceedings. (Transfer Order, Dkt. No. 1.) A total of 68 cases have been transferred and consolidated in accordance with the MDL Order. (Transfer Order, Conditional Transfer Orders 1-4, Dkt. Nos. 1, 9, 47, 70, 85.) Also filed in this Court are two related actions: *McNulty v. Reddy Ice Holdings, Inc.*, No. 08-13178 (a whistleblower complaint) and *Chamberlain v. Reddy Ice Holdings, Inc., et al.,* No.

2

08-13451 (a securities class action complaint).

On June 1, 2009, this Court appointed Kohn, Swift & Graft, P.C. as the Direct Purchaser Plaintiffs' interim lead counsel and Gurewitz & Raben, PLLC as liaison counsel for the proposed Direct Purchaser class. (Dkt. No. 175.) On July 17, 2009, the Court entered Case Management Order No. 1, directing the Direct Purchaser Plaintiffs (hereinafter "Direct Purchaser Plaintiffs") to file a Consolidated Amended Complaint and setting forth deadlines for answering, moving or otherwise responding to the Consolidated Amended Complaint and for responding to any motions filed. (Dkt. No. 185.) On September 15, 2009, filed their Consolidated Amended Class Action Complaint ("CAC"). (Dkt. No. 198.)

On October 30, 2009, the Reddy Defendants and the Arctic Glacier Defendants filed motions to dismiss the CAC. (Dkt. Nos. 202, 203.) On July 1, 2010, this Court issued an Opinion and Order Denying Defendants Reddy Ice and Arctic Glacier's Motions to Dismiss, finding that the Direct Purchaser Consolidated Amended Class Action Complaint ("CAC") stated a plausible claim for relief as to both Reddy Ice and Arctic Glacier under the Sherman Antitrust Act. (Dkt. No. 260).

**B.     The Proposed Home City Settlement**

On November 13, 2009, the Direct Purchaser Plaintiffs filed a motion, pursuant to Federal Rule of Civil Procedure 23(e)(1), for an order granting preliminary approval of a $13.5 million proposed settlement agreement (the Proposed Settlement Agreement) with Defendant Home City, appointing Direct Purchaser Plaintiffs' Interim Class and Liaison Counsel as Class Counsel for the proposed Settlement Class, and authorizing Class Counsel to disseminate notice of the Proposed Settlement Agreement. (Dkt. No. 206.) Under the terms of the Proposed Settlement Agreement, Home City has paid into escrow $13.5 million, and has agreed to provide significant and prompt

cooperation to Direct Purchaser Plaintiffs in connection with the prosecution of their claims against Reddy Ice and Arctic Glacier ("the non-settling Defendants"). The Direct Purchaser Plaintiffs and Home City executed the Proposed Settlement Agreement on October 30, 2009 after several months of settlement negotiations conducted by Direct Purchaser Plaintiffs' Counsel and Home City's Counsel from the law firms of Hogan & Hartson, and Graydon, Head & Richey.

In summary, the Proposed Settlement Agreement provides that: (1) Home City will pay $13.5 million in settlement; (2) upon this Court's preliminary approval of the Proposed Settlement, Home City will cooperate with Class Counsel in connection with the prosecution of Direct Purchaser Plaintiffs' claims against the non-settling Defendants and will (a) promptly produce documents relating to the allegations in the Complaint, (b) produce electronic sales and manufacturing cost data, making personnel available when necessary to understand and utilize such data; (c) arrange meetings between outside counsel for Home City and Direct Purchaser Plaintiffs' Counsel, at which Home City's Counsel will identify documents and facts relating to the allegations in the action; (3) after the Effective Date of the Proposed Agreement, Home City will make present and former officers and employees with knowledge of the alleged anticompetitive conduct available for interviews, depositions or trial testimony and also provide declarations and testimony necessary to establish the admissibility of its documents; (4) upon occurrence of the Effective Date, releases will be executed by the Settlement Class; (5) Home City's sales will remain in the case and the non-settling Defendants remain jointly and severally liable for the damages on those sales; (6) Home City may reduce its settlement payment based upon a certain percentage of purchasers electing to be excluded from the Settlement Class; (7) if Direct Purchaser Plaintiffs enter into a settlement with any other Defendant that provides for a payment, based on an agreed upon Settlement Ratio, lower than the

Home City settlement, Home City will be due a refund (a Most Favored Nation provision); (8) that Home City and Direct Purchaser Plaintiffs stipulate to Class Certification of a Settlement Class of all purchasers of Packaged Ice in the United States directly from any of the Defendants or their subsidiaries or affiliates during the period January 1, 2001 to March 6, 2008 ("the Proposed Settlement Class") (Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with the Home City Ice Company and For Authorization to Disseminate Notice (Mot. Prelim. Approv., Dkt. No. 206, pp. 2-4).)

The Direct Purchaser Plaintiffs propose the following timetable for disseminating notice to the Proposed Settlement Class and for final approval of the Proposed Settlement Agreement: (1) Defendants will provide direct purchaser data to Direct Purchaser Plaintiffs' counsel within thirty (30) days of the entry of an order of Preliminary Approval of the Proposed Settlement Agreement and notice will be mailed to class members no later than thirty (30) days following the date on which Class Counsel receive the direct purchaser data from Defendants (the "Notice Date"); (2) summary notice will be published in the National Edition of the Wall Street Journal within ten (10) days of the Notice Date; (3) Direct Purchaser Plaintiffs' motion for final approval of the settlement and for expenses to be filed thirty (30) days prior to the date of the Final Approval hearing (the "Hearing"); (4) any requests for exclusion from the Proposed Settlement Class must be postmarked no later than twenty (20) days prior to the Hearing; (5) any objection to the Proposed Settlement or to the expenses must be filed and served no later than twenty (20) days prior to the Hearing; (6) affidavits that notice to the Settlement Class was made in accord with the Court's Preliminary Order Approving the Proposed Settlement Agreement be filed ten (10) days prior to the Hearing; and (7) scheduling the Hearing at the Court's convenience. (Mot Prelim. Approv. 4-5.)

Direct Purchaser Plaintiffs are not presently proposing a plan of allocation and distribution of funds nor is Direct Purchaser Plaintiffs' Counsel making a request for an award of attorneys' fees at this time. The Notice, however, does inform the Proposed Settlement Class members that Direct Purchaser Plaintiffs' Counsel will seek at a later time attorneys' fees not exceed 30% of the settlement funds, and reimbursement of litigation expenses. Direct Purchaser Plaintiffs' counsel will request, at the Hearing, that the Court permit Direct Purchaser Plaintiffs to expend $750,000 of the Home City settlement funds on litigation costs incurred in prosecuting the claims against the non-settling Defendants. (*Id.* at 5.)

## II. ANALYSIS

### A. Federal Policy Favors Settlement of Class Action Litigation and Preliminary Approval of Proposed Partial Settlement Classes and Agreements Is Common

The Sixth Circuit and courts in this district have recognized that the law favors the settlement of class action lawsuits. *UAW v. General Motors Corp.*, 497 F.3d 615, 632 (6th Cir. 2007) (noting "the federal policy favoring settlement of class actions"); *IUE-CWA v. General Motors Corp.*, 238 F.R.D. 583, 593 (E.D. Mich. 2006) (noting "the general federal policy favoring the settlement of class actions"). This policy applies with equal force whether the settlement is partial, involving only some of the defendants, or complete. *See In re Beef Ind. Antitrust Litig.*, 607 F.2d 167, 172 (5th Cir. 1979) (finding nothing in the cases or the commentaries to suggest that approval of a pre-certification settlement is dependent upon the settlement being complete as to all parties); *Newby v. Enron Corp.*, 394 F.3d 296 (5th Cir. 2004) (affirming approval of partial settlement where class certified for settlement purposes only) and cases collected at pp. 14-15 of Direct Purchaser Plaintiffs' Response to Defendants' motion to stay (Dkt. No. 214, 14-15.)

Review and approval of class settlements involves a two step process: (1) preliminary

approval of the proposed settlement and the proposed class and the method and form of class notice; and (2) final approval of the settlement following notice and hearing to determine fairness:

> The first step in district court review of a class action settlement is a preliminary, pre-notification hearing to determine whether the proposed settlement is "within the range of possible approval." Its purpose is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing. Manual for Complex Litigation s 1.46, at 53-55 (West 1981). If the district court finds that a proposed settlement is "within the range of possible approval," the next step is the fairness hearing. Class members are notified of the proposed settlement and the fairness hearing in which they and all interested parties have an opportunity to be heard. The goal of the hearing is to "adduce all information necessary for the judge to rule intelligently on whether the proposed settlement is 'fair, reasonable, and adequate.' " *Id.* at 57.

*Gautreaux v. Pierce,* 690 F.2d 616, 621 n. 3 (7th Cir. 1982); 5 Moore's Fed. Practice - Civil § 23.165 (3d ed. 2005). The Direct Purchaser Plaintiffs request the Court at this stage to conduct a limited inquiry into whether the proposed settlement has the "potential" for final approval and to determine whether there is reason enough to notify class members and to proceed with a fairness hearing. *Berry v School Dist. of City of Benton Harbor*, 184 F.R.D. 93, 97 (W.D. Mich. 1998). A proposed settlement agreement should be preliminarily approved if "[t]he Court finds that the proposed settlement falls within the range of possible approval, does not disclose grounds to doubt its fairness, and includes no obvious deficiencies." *International Union v. Ford Motor Co.*, Nos. 05-74730, 06-10331, 2006 WL 1984363 at * 4 (E.D. Mich. July 13, 2006). This preliminary determination can be made "on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations by parties." *Manual for Complex Litigation* § 21.632 (4th ed. 2004). The court's task is to determine "whether a proposed class action settlement deserves preliminary approval and lay the groundwork for a future fairness hearing." *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 659 (E.D. Cal. 2008) (internal quotation marks and citations omitted).

7

In the case of a partial settlement, involving only certain defendants, the non-settling defendants have no standing to object to a class settlement with the settling defendants, absent a claim of legal prejudice. *In re Beef, supra* 607 F.2d at 172 (as a non-settling defendant not prejudiced by the settlement has no standing to object); Wright, Miller & Cooper, *Federal Practice & Procedure* § 1797.4 ("[T]he court typically will not consider objections by non-settling Defendants as they have no standing to object to a settlement to which they are not parties.") Courts approving partial settlements in antitrust class actions recognize the significant value of cooperation such as Home City agrees to provide in this case. *See, e.g., In re Pressure Sensitive Labelstock Antitrust Litig.*, 584 F. Supp. 2d 697, 702 (M.D. Pa. 2008) (recognizing the immediate value to the class of a settling defendants' proffer of facts in ongoing litigation against the non-settling defendants); *In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 643 (E.D. Pa. 2003) (substantial to benefit to the class of significant cooperation by settling defendants strongly supported approval of proposed settlement).

### B. Consideration of Preliminary Approval of the Proposed Settlement is Appropriate Here

### 1. The non-settling Defendants' alleged concern that preliminary approval of a proposed settlement class may give an unwarranted presumption of correctness to certification of a litigation class is unfounded.

In their motion to stay, the non-settling Defendants argue that preliminary approval of a settlement class "may result in an unwarranted presumption that certification of a litigation class is appropriate." (Mot. to Stay 2.) As the Direct Purchaser Plaintiffs pointed out in their response, with respect to the preliminary approval of a settlement class in a proposed partial settlement, there is no prejudice to the non-settling defendants' right to challenge certification of a litigation class at a later stage of the case. *See, e.g., Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 258 F.R.D. 545,

8

552-553 (N.D. Ga. 2007) (finding that preliminary certification of settlement class does not have preclusive effect on non-settling defendant's right to contest the litigation class, the court expressly "not endorsing any evidence or arguments that the parties will submit in connection with plaintiffs' redefined litigation class."). The Proposed Settlement Agreement specifically addresses this issue in paragraph 8 of the proposed Rule 54(b) Final Judgment Order (Mot. Prelim. Approv., Dkt. No. 206, Exhibit D) which provides that the "Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any defendant other than Home City to contest certification of any other class proposed by Plaintiffs. The Court's findings in this Final Judgment Order shall have no effect on the Court's ruling on any motion to certify any class in this litigation and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify such class." The non-settling Defendants can rest assured that "nothing in the preliminary approval process will prejudge or conclusively resolve" any issues with respect to the litigation class going forward. *Pat Cason-Merenda and Jeffrey A. Suhre v. Detroit Medical Center,* Case No. 06-15601 at 3 (E.D. Mich. Jan. 28, 2010).

**2.    The non-settling Defendants' plea for "further discovery" on the issue of class certification rings hollow.**

The non-settling Defendants also argue, relying on the Supreme Court's admonition in *Amchem, supra* that courts must give heightened attention to approval of a pre-certification settlement class, that preliminary approval of the proposed class should await "the development of a proper record and appropriate briefing." (Defs.'s Reply at 2.) This Court is mindful of the fact that where, as here, a class has not yet been certified, it must pay "undiluted, even heightened, attention" to the issue of class certification. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997). But the fact that a class has not been certified, and the issue of the appropriate class not yet

9

litigated, does not bar preliminary approval of a proposed settlement class:

> Parties frequently settle before the judge has decided whether to certify a class. Some settle before a motion to certify or even a class action complaint has been filed. Such settlements typically stipulate that the court may certify a class as defined in the agreement, but only for purposes of settlement. When a case settles as a class action before certification, the parties must present the court a plan for notifying the class and, if Rule 23(b)(3) applies, providing an opportunity to opt out, along with the motions for certification and preliminary approval of the settlement.

*Manual for Complex Litigation (4th)* § 21.132 (2004). *See, e.g. In re Beef, supra* 607 F.2d at 170 (affirming an order conditionally approving a proposed settlement class before deciding plaintiffs' motion for class certification); *In re Delphi Corp. Sec. Derivatives & ERISA* Litig., 248 F.R.D. 483, 486 n. 2 (E.D. Mich. 2008) (granting final approval to both the ERISA and Securities settlement classes, noting the court's earlier, preliminary approval of the settlement classes granted prior to a hearing on defendants' motions to dismiss); *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 516-517, 530 (E.D. Mich. 2003) (granting final approval of proposed settlement, noting its earlier preliminary approval of both the proposed settlement class and the proposed settlement agreement granted prior to class certification and prior to hearing on motions to dismiss); *In re Plastics Additives Antitrust Litig.*, No. 03-cv-2038 (E.D. Pa. Jan. 7, 2005) (approving first of several partial settlements on a class basis prior to certifying litigation class).

"'[F]ormal discovery [is not] a necessary ticket to the bargaining table.'" *Newby, supra* 394 F.3d at 306 (quoting *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 211 (5th Cir. 1981)). A determination as to preliminary approval of a proposed partial class settlement can be made "on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations by parties." *Manual for Complex Litigation* § 21.632 (4th ed. 2004). "The overriding theme of our caselaw is that formal discovery is not necessary as long as (1) the interests of the class

10

are not prejudiced by the settlement negotiations and (2) there are substantial factual bases on which to premise the settlement." *Newby, supra* at 306.

The non-settling Defendants suggest that there must be sufficient "discovery taken" or "investigation completed" to enable "counsel and the court to act intelligently." But they fail to explain how further investigation will inure to the benefit of the proposed class. The Court must be skeptical of Defendants' motives as it seems unlikely that any concerns they raise arise from "any legitimate concern to protect the class." *In re Beef, supra* at 172 (questioning the non-settling defendants' characterization of their objection to the proposed settlement, admonishing that they "cannot do indirectly what [they] may not do directly."). *See also In re Asbestos School Litig.*, No. 83-0268, 1986 WL 10105 at * 2 (E.D. Pa. 1986) (non-settling defendants' procedural allegations objecting to a proposed settlement do not by themselves satisfy the requirements necessary for standing to object).

Defendants cite the Court to no authority in support of the proposition that a proposed class cannot be preliminarily approved absent some baseline amount of discovery or briefing, and *Newby, Delphi, Cardizem, In re Beef* and *Plastics Additives*, among other cases, suggest to the Court otherwise. While it is certainly beyond dispute that no discovery, class related or otherwise, has taken place in this case, the contours of this litigation are not a mystery and are informed by government investigations, internal corporate investigations that have been made public, state attorney general investigations, the related securities and whistleblower cases, and importantly Direct Purchaser Plaintiffs' counsels' discussions with Home City's counsel in the course of their arms length negotiations. The Direct Purchaser Plaintiffs submit that this proposed settlement is the result of extensive negotiations over a period of months with well-respected, experienced counsel

representing both the Direct Purchaser Plaintiffs and Home City. (Pls.'s Mot. for Prelim. Approv. at 12.) Direct Purchaser Plaintiffs' Counsel has been provided information by Home City's attorneys in the process of negotiations and in consultation with outside experts that have led Direct Purchaser Plaintiffs' Counsel to the conclusion that this settlement is in the best interests of the settlement class. Particularly where, as here, there is the potential for a significant benefit to the class in the form of cooperation on the part of the settling Defendant, this Court is reluctant to refuse to consider the very preliminary approval that will trigger that cooperation.

3. **The non-settling Defendants' argument that multiple notices to the class will be "confusing and inefficient" is not persuasive.**

The non-settling Defendants argue that sending out a preliminary, and later a final, notice of proposed settlement would be "confusing and inefficient." Defendants cite no authority for this proposition and the many cases discussed above which authorized both preliminary and final settlements clearly contradict the notion that multiple notices to the settlement class are an issue of concern. Any potential for "confusion" can be addressed in careful drafting of the notices. *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 163 (S.D.N.Y. 2008) ("the potential confusion to class members of receiving multiple notices is not a significant concern. Any possibility of confusion can be allayed through careful wording of the class notice, and any confusion that the dual notices may cause" does not "significantly undermine the superiority of a class action.") (internal quotation marks and citations omitted). *See also Cason-Marenda, supra* at 3-4 (holding that any risk of confusion from class members receiving separate notices of settlement may be adequately addressed through appropriate drafting of the notices.)

The non-settling Defendants rely on *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 236 F.R.D. 53 (D. Maine 2006), where the court declined to certify a proposed settlement

class. However, in that case the court was concerned about, and sought further briefing on, the issue of the damages period and the existence of certain state law claims, neither of which has been raised by non-settling Defendants here. The non-settling Defendants also refer the Court to *Ivax Corp. v. Azko Nobel Chemicals B.V.*, No. 01-1714 (D.D.C. Dec. 3, 2001) in which, as the Direct Purchaser Plaintiffs correctly point out, the court offers no rationale for failing to preliminarily approve a settlement class. The Court concludes that any potential for confusion that may result from the sending of multiple class notices can be sufficiently addressed through proper drafting of the notices.

    **4.**    **To the extent the Court considers the issue of prejudice, this argument favors the Direct Purchaser Plaintiffs and Home City.**

The Direct Purchaser Plaintiffs and Home City urge the Court to consider the issue of prejudice, arguing that delay in preliminary approval of their proposed settlement will severely prejudice them both. The Direct Purchaser Plaintiffs, for their part, will be prevented from obtaining significant cooperation in prosecuting their case against the non-settling Defendants and will be forced to incur unnecessary costs of discovery. Home City has filed a separate brief in response to the non-settling Defendants' motion to stay, urging the Court to consider the prejudice to it, a small family-owned business, if it is precluded from ending this litigation before incurring additional expense and further damage to its creditworthiness. The non-settling Defendants assert that this claim of prejudice is "speculative" but they seriously, though not surprisingly, under-emphasize the importance of the proposed cooperation of Home City.

Having considered the matter, and in particular the parties' arguments regarding any potential prejudice to the non-settling Defendants' rights to contest the class certification issue going forward and potential issues of confusion relating to multiple notices to the proposed class, the Court finds no basis for placing the proposed Home City settlement on indefinite hold and concludes that

the preliminary approval process should move forward.

## III. CONCLUSION

The Court DENIES the Joint Motion by the Reddy Ice and the Arctic Glacier Defendant to Stay Consideration of Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Settlement With The Home City Ice Company (Dkt. No. 211.) By separate Notice entered this day, the Court has scheduled the Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with the Home City Ice Company and for Authorization to Disseminate Notice (Dkt. No. 206) for hearing on August 26, 2010 at 3:00 p.m.

IT IS SO ORDERED.

                                                s/Paul D. Borman
                                                PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: August 2, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 2, 2010.

                                                s/Denise Goodine
                                                Case Manager