UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE PACKAGED ICE ANTITRUST
LITIGATION

Case No. 08-MD-01952

Paul D. Borman
United States District Judge

DIRECT PURCHASERS ACTION

_____/

ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT
BETWEEN THE DIRECT PURCHASER PLAINTIFFS AND THE HOME CITY ICE
COMPANY AND AUTHORIZING THE DISSEMINATION OF NOTICE

This matter is before the Court on the Direct Purchaser Plaintiffs' ("Plaintiffs") Motion for Preliminary Approval of Proposed Settlement with the Home City Ice Company and for Authorization to Disseminate Notice. (Dkt. No. 206.) The Court held a preliminary fairness hearing on August 26, 2010. The Court GRANTS the motion.

1. **Preliminary Findings on the Potential of the Proposed Settlement for Final Approval:** The Court finds that the terms of the proposed Settlement Agreement Between Direct Purchaser Plaintiffs and the Home City Ice Company, as set forth in the proposed Settlement Agreement dated October 30, 2009 (the "Proposed Settlement Agreement") should be preliminarily approved, subject to further consideration and subject to final determination following notice to the Proposed Settlement Class and a Final Fairness Hearing provided for below. The Court preliminarily finds that the Proposed Settlement (a) has potential for final approval as being fair, adequate and reasonable; (b) is the product of serious, informed, arms-length non-collusive negotiations; (c) has no obvious deficiencies; (d) does not improperly grant preferential treatment

1

to Class Representatives; (e) falls sufficiently within the range of possible approval; and (f) does not disclose grounds to doubt its fairness, so that notice of the Proposed Settlement Agreement should be disseminated as provided in this Order.

2. **Preliminary Class Certification:** For purposes of this Proposed Settlement only, and pending final approval of the Proposed Settlement after a Final Fairness Hearing, the Court preliminarily finds that the prerequisites for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure have been met and conditionally certifies a Proposed Settlement Class consisting of:

> All purchasers of Packaged Ice who purchased Packaged Ice in the United States directly from any of the Defendants or their subsidiaries or affiliates (including all predecessors thereof) at any time during the period from January 1, 2001 to March 6, 2008. Excluded from the Settlement Class are governmental entities and Defendants, including their parents, subsidiaries, predecessors or successors, and Defendants' co-conspirators.

3. **Preliminary Class Findings:** The Court preliminarily finds that certification of the Proposed Settlement Class is warranted because: (a) the members of the Proposed Settlement Class are so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Proposed Settlement Class; (c) Plaintiffs' claims present issues that are typical of the Proposed Settlement Class; (d) the Plaintiffs and Class Counsel (as defined below) will fairly and adequately represent and protect the interests of the Proposed Settlement Class. The Court further preliminarily finds that issues of law and fact common to the Proposed Settlement Class predominate over any issues affecting only individual members of the Proposed Settlement Class and that settlement of this action with respect to Defendant Home City Ice is superior to other means available for fairly and efficiently adjudicating the controversy.

4. **Class Counsel:** The Court appoints the firms Kohn, Swift & Graf, P.C., and

Gurewitz & Raben, PLLC, as Class Counsel for the Proposed Settlement Class. Plaintiff Alvin's Enterprises, Inc. d/b/a Party King, Suzie's Investments, Inc. d/b/a Checker Drugs and Food, Arkansas Garden Center West, LLC, Arkansas Garden Center North, LLC, Chi-Mar Enterprises, Inc., Kingsway Enterprises, Polly's Food Service, Inc., Kenco, Inc. and Thomas Beverages Co., Inc. d/b/a Thomas Liquors are appointed as the class representatives for the Proposed Settlement Class.

5. **Notice:** The Court approves the form of the Notice and Summary of Notice (the "Notices") attached as Exhibits "B" and "C" respectively to the Proposed Settlement Agreement, upon the condition that the content of the Notice and the Summary Notice, including all dates, times, and addresses, conform to the requirements of this Order. The Court finds that the following manner of mailing and publication of the Notices constitutes the best practicable notice under the circumstances as well as valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution:

    a. Class Counsel are hereby directed to cause the Notice, in the form attached to the Proposed Settlement Agreement as Exhibit "B," to be: (i) mailed by first class mail, postage prepaid, within 30 days of receipt of the last of the purchaser information from Defendants, (the "Notice Date") to all members of the Proposed Settlement Class identified by Defendants; and (ii) provided to all persons who request it. Class Counsel shall also post a copy of this Notice on the Internet at a readily accessible web address. Class Counsel shall identify the web address in all Notices that Class Counsel shall cause to be mailed, provided, published or otherwise distributed pursuant to this

Order.

  b. Class Counsel are hereby directed to cause the Summary Notice, in the form attached to the Proposed Settlement Agreement as Exhibit "C", to be published within 10 days of the Notice Date on one occasion in the National Edition of the Wall Street Journal.

  c. Ten (10) days before the date fixed by this Court for the Final Fairness Hearing, Class Counsel shall cause to be filed with the Clerk of this Court an affidavit or declaration of the person under whose general direction the mailing of the Notice and the publication of the Summary Notice were made, showing that mailing and publication were made in accordance with this Order.

6. **Identification of Proposed Settlement Class Members:** Defendants are hereby directed to provide to Class Counsel, within 30 days of the entry of this Order, the names and addresses of direct purchasers of Packaged Ice from them and their subsidiaries and affiliates (and all predecessors thereof) during the period from and including January 1, 2001 to and including March 6, 2008. To the extent possible the purchaser information should be provided in electronic and machine readable formats. Class Counsel shall treat the Packaged Ice purchaser information as confidential, and shall not disclose it to anyone outside of Class Counsel's law firms, except to the Court *in camera* or under seal or to vendors selected to assist in the preparation and dissemination of the Notices.

7. **Final Fairness Hearing:** The Court will hold a Final Fairness Hearing on February 10, 2011 at 2:00 p.m. at the Theodore Levin United States Courthouse, 231 West Lafayette Blvd.,

Courtroom 737, Detroit, MI 48226, to determine the fairness, reasonableness and adequacy of the Proposed Settlement Agreement with Home City and to determine whether the Proposed Settlement Agreement should be finally approved and final judgment entered thereon. At the Final Fairness Hearing the Court will also consider the motion of Class Counsel to authorize expenditure of up to $750,000 for expenses associated with prosecuting the litigation against the non-settling Defendants from the Settlement Fund. Any Settlement Class member who follows the procedures set forth in this Order and the Notices may appear and be heard at this Final Fairness Hearing. The Final Fairness Hearing may be continued without further notice to the Proposed Settlement Class.

8. **Requests for Exclusion From the Proposed Class:** All requests for exclusion from the Proposed Settlement Class, as more fully explained in the Notices attached as Exhibits "B" and "C" to the Proposed Settlement Agreement, shall be postmarked no later that twenty (20) days prior to the Final Fairness Hearing Date, and shall otherwise comply with the requirements set forth in the Notices.

9. **Objections to the Proposed Settlement:** Any member of the Proposed Settlement Class who wishes to object to the terms of the Proposed Settlement Agreement, or to Class Counsel's motion for expenses, must do so in writing, filed with the Clerk of this Court and served on Class Counsel and counsel for Home City no later than twenty (20) days prior to the Final Fairness Hearing Date, as more fully explained in the Notices attached as Exhibits "B" and "C" to the Proposed Class Settlement Agreement, and shall otherwise comply with the requirements for filing objections as set forth in the Notices.

10. **Motion for Final Approval:** Class Counsel shall file with the Court their motion for final approval of the Proposed Settlement Agreement no later than thirty (30) days prior to the Final

5

Fairness Hearing Date.

11. **Payment of Certain Costs:** The Court preliminarily finds that the account set forth in the Proposed Settlement Agreement is a qualified settlement fund ("QSF") pursuant to the Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder. Class Counsel are, in accordance with the Proposed Settlement Agreement, authorized to expend funds from the QSF for the payments of the notice, payments related to taxes, and settlement administration costs.

12. **Stay of Proceedings as to Home City:** The litigation against Home City is stayed except to the extent necessary to effectuate the Settlement Agreement.

13. **Use of Order:** Under no circumstances shall this Order be construed, deemed or used as an admission, concession or declaration by or against Home City of any fault, wrongdoing, breach or liability. Nor shall the Order be construed, deemed or used as an admission, concession or declaration by or against named Plaintiffs or the Class that their claims lack merit or that the relief requested is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, or she may have. Neither this Order, nor the Proposed Settlement Agreement nor any other settlement document, shall be filed, offered, received in evidence or otherwise used in this or any other action or proceeding or in any arbitration, except to consummate or enforce the Proposed Settlement Agreement or the terms of this Order.

IT IS SO ORDERED.

Dated: September 2, 2010    S/Paul D. Borman
                            PAUL D. BORMAN
                            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 2, 2010.

                                                S/Denise Goodine
                                                Case Manager