UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: PACKAGED ICE ANTITRUST LITIGATION, ET AL., | No. 08-01952 |
| Plaintiffs, | District Judge Paul D. Borman |
| v. | Magistrate Judge R. Steven Whalen |
| ARCTIC GLACIER, INC., ET AL., | |
| Defendants. | |

| | |
|---|---|
| WAYNE STANFORD, | No. 10-11689 |
| Plaintiff, | District Judge Paul D. Borman |
| v. | Magistrate Judge R. Steven Whalen |
| KEITH E. CORBIN ET AL., | |
| Plaintiffs. | |

## OPINION AND ORDER DENYING MOTION TO DISQUALIFY

Before the Court is Plaintiff Wayne Stanford's and Indirect Purchaser Plaintiffs' motion to disqualify the law firms of Jones Day and Dykema Gossett from representing Defendants [Doc. #264 in case 08-01952, and Doc. #16 in case 10-11689]. For the following reasons, the motion is DENIED.

### I. BACKGROUND

Following a Department of Justice investigation into alleged anticompetitive practices in the packaged ice industry, 37 civil complaints were filed in a number of federal districts. On June 5, 2008, these cases were consolidated and transferred to this district by the Panel on Multidistrict Litigation ("MDL"). They are pending under case no. 08-md-01952. The Defendants include both the corporate entities (Arctic Glacier,

Inc., et al.) and individual Defendants. Among the individual Defendants is Wayne Stanford. Jones Day and Dykema represent corporate Defendants Arctic Glacier, Inc., Arctic Glacier Income Fund, and Arctic Glacier International, Inc.

In a separate criminal case, Arctic Glacier International, Inc. and three former employees of Arctic Glacier, Inc., Keith Corbin, Frank Larson and Gary Cooley, pled guilty to conspiracy to allocate customers. The individual defendants had separate counsel in the criminal case.[1]

On April 26, 2010, almost two years after the above MDL cases were transferred to this district, Wayne Stanford, an "indirect purchaser plaintiff" in the MDL case, filed a separate case against the three individuals who pled guilty in the criminal case, Keith Corbin, Frank Larson and Gary Cooley. *Stanford v. Corbin, et al.*, case no. 10-11689. Jones Day and Dykema represent all three individuals in that case.

Matthew Wild, of Wild Law Group PLLC, represents Plaintiff Wayne Stanford in both cases, and the indirect purchasers in the MDL case.

Attached as Exhibit 1 to Defendants' brief in opposition to the motion to disqualify [Doc. #276] is the declaration of attorney Paula Render, a partner with Jones Day, and counsel for Defendants Corbin, Larson, Cooley and Arctic Glacier. Ms. Render states that before undertaking representation of the individuals in the *Stanford* case, she conducted an analysis of the facts and issues in that case and the MDL case, and concluded that "the interests of all defendants were fully aligned and that no actual conflict of interest existed as a result of Jones Day's concurrent representation of the Individuals and Arctic Glacier." *Declaration of Paula Render*, ¶ 5. Ms. Render details extensive communications with the individual Defendants, and with Max Wild and Matthew Wild,

---

[1] Jones Day represented Arctic Glacier in the criminal case.

Plaintiff Stanford's attorneys, regarding concurrent representation issues. On May 13, 2010, Max Wild emailed a letter to Ms. Render, stating that because he intended to offer "immunity" to the individual Defendants in exchange for their testimony against Arctic Glacier in the MDL case, Jones Day was precluded from continued representation of any Defendants in the MDL case or the *Stanford* case. *Defendant's Exhibit A*. Mr. Wild stated, in pertinent part:

> "In addition, there will be actual conflicts in the immediate future. Plaintiffs intend to offer one or more of the individual defendants an opportunity to be relieved of the burdens of defending this case or being at risk for a substantial judgment. As the government routinely offers immunity to persons in a criminal investigation for their truthful testimony, plaintiff plans to do so with one or more of the individual defendants. This will require a negotiation with the individual defendants, including their proffer of the facts and supporting documents....As there is a likelihood that one or more of the individuals will be cooperating with plaintiffs against the remaining defendants, Jones Day may be precluded from representing any defendant in this case or in In re Packaged Ice Antitrust Litig."

Plaintiff's conflict of interest claim would also apply to Dykema Gossett PLLC, whose attorneys also represent the individuals in the *Stanford* case and Arctic Glacier entities in the MDL case.

In the present motion Plaintiff Stanford, through attorneys Max Wild and Matthew Wild, argue that there is a "nonconsentable conflict" because of their "immunity" offer, and because Arctic Glacier will indemnify the individual Defendants for their litigation expenses.

## II. DISCUSSION

Michigan Rule of Professional Conduct 1.7 states as follows regarding conflicts of interest:

**RULE 1.7 CONFLICT OF INTEREST: GENERAL RULE**

**(a)** A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

> (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
>
> (2) each client consents after consultation.
>
> **(b)** A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
>
> (1) the lawyer reasonably believes the representation will not be adversely affected; and
>
> (2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

The right to counsel of one's choice, while perhaps not sacrosanct, is not to be dispensed with lightly. "'[A] party's right to have counsel of choice is a fundamental tenet of American jurisprudence, and therefore a court may not lightly deprive a party of its chosen counsel.'" *American Special Risk Ins. Co. ex rel. South Macomb Disposal Authority v. City of Centerline*, 69 F.Supp.2d 944, 953 (E.D.Mich.,1999), quoting *Capacchione v. Charlotte-Mecklenburg Bd. of Educ.,* 9 F.Supp.2d 572, 579 (W.D.N.C.1998). *See also Freeman v. Chicago Musical Instrument Co.,* 689 F.2d 715 (7th Cir.1982) (disqualification of counsel "is a drastic measure which courts should hesitate to impose except when absolutely necessary"); *DeBiasi v. Charter County of Wayne*, 284 F.Supp.2d 760, 770 -771 (E.D.Mich. 2003) (characterizing disqualification as "an extreme sanction," and reflecting that "[d]isqualification of a lawyer in a case is a serious matter, and one which is not undertaken lightly").

"A party seeking the disqualification of counsel 'bears the burden of demonstrating specifically how and as to what issues in the case the likelihood of prejudice will result.'" *Employers Mut. Cas. Co. v. Al-Mashhadi*, 2009 WL 2711963, *10 (E.D.Mich. 2009), quoting *Rymal v. Baergen,* 262 Mich.App. 274, 319, 686 N.W.2d 241 (2004). In addition, it must be shown that "some specifically identifiable impropriety actually occurred." *Id*.

In this case, Plaintiff Stanford falls well short of meeting the demanding standard for disqualification.

Plaintiff's argument that his offer of "immunity" places defense counsel in an irreconcilable conflict of interest is without merit, and his analogy to criminal immunity agreements is completely off the mark. In a criminal case, unlike the present case, the defendant enjoys a Fifth Amendment right not to testify at all. In the typical agreement, the defendant receives immunity from prosecution (or more commonly, a favorable sentence agreement) in exchange for waiving his Fifth Amendment right and cooperating with the prosecution against other defendants. The cooperation generally includes a debriefing and an agreement to provide truthful testimony against the codefendants. Because the Defendants in this civil case have no Fifth Amendment right to waive,[2] the Plaintiff's offer of "immunity" is illusory. If the Plaintiff wishes to undertake a "debriefing" and obtain truthful testimony from the Defendants, he can both depose them and examine them at trial, where they will be placed under oath and sworn to tell the truth.

The Plaintiff has therefore not shown that any "specifically identifiable impropriety *actually occurred*," *Employers Mutual, supra* at *10 (emphasis added), and indeed, has not even shown a reasonable possibility of a conflict. In addition, as shown by attorney Render's declaration, all three individual Defendants were fully apprised of the joint representation, and consented after consultation with separate counsel.

Plaintiff also argues that defense counsel has a "nonconsentable conflict" because Arctic Glacier, Inc. has agreed to pay the legal fees of the individual Defendants. However, the Michigan Rules of Professional Conduct clearly provide that "[a] lawyer

---

[2] In any event, the three individual Defendants have already pled guilty in their criminal cases.

may be paid from a source other than the client if the client is informed of that fact and consents and the arrangement does not compromise the lawyer's duty of loyalty to the client." Comment to MRPC 1.7. In addition, "under the...Michigan rules, almost all conflicts are consentable." *CenTra, Inc. v. Estrin*, 639 F.Supp.2d 790, 809, n.8 (E.D. Mich. 2009). Again, the individual Defendants consented to joint representation after full disclosure and consultation with separate counsel.

Nor do Plaintiff's arguments under Delaware law hold water. Arctic Glacier, Inc. is a Canadian company, not a Delaware company. Moreover, Plaintiff's argument is premised on the theory that Delaware law does not permit indemnification where the individual Defendants have pled guilty to the same conduct alleged in his complaint. That argument is without merit. According to attorney Render's declaration, Arctic Glacier, Inc.'s bylaws provide that the company "shall indemnify a ...former director or officer of the Corporation...if (a) he acted honestly and in good faith with a view to the best interests of the Corporation; and (b) in case of a criminal...proceeding that is enforced by a monetary penalty, he had reasonable grounds for believing his conduct was lawful." *Render Declaration*, ¶ 19. Then, Del. Code. Ann. titl. 8, ¶ 145(b) provides that "[t]he termination of any action...by...conviction, or upon a plea of nolo contendere or its equivalent, *shall not, of itself, create a presumption that the person did not act in good faith and in a manner which the person reasonably believed to be in or not opposed to the best interests of the corporation*." (Emphasis added). Contrary to Plaintiff's argument, even if Delaware law applied, it does not create a presumption of bad faith that would bar indemnification or render joint representation "nonconsentable."

Finally, indemnification of the individuals by Arctic Glacier, Inc. does not violate that company's probation, because that company is not on probation. Rather, the company that pled guilty was Arctic Glacier International, Inc., a U.S. subsidiary.

The Commentary to M.R.P.C. 1.7 notes that disqualification motions are disfavored because they may be "misused as a technique of harassment" rather than to vindicate a legitimate ethical concern. It is clear that in this case, the Plaintiff's motion for disqualification is purely strategic. Plaintiff's counsel is also counsel for the indirect purchasers in the MDL case. He filed his complaint against the three individual Defendants almost two years after the MDL was certified. The disqualification motion was filed a mere three weeks after the Defendants answered the *Stanford* complaint, premised on a completely off-point analogy to a criminal immunity agreement. This disqualification motion is legal legerdemain, and behind the smoke and mirrors the Plaintiff's true motivation is transparent.

The Defendants have knowingly and voluntarily consented to joint representation, and in the absence of an actual conflict, or any semblance of good cause for disqualification, they are entitled to representation by the attorneys of their choice.

Accordingly, Plaintiffs' motion to disqualify Jones Day and Dykema Gossett [[Doc. #264 in case 08-01952, and Doc. #16 in case 10-11689] is DENIED.

SO ORDERED.

                                                           s/R. Steven Whalen
                                                           R. STEVEN WHALEN
                                                           UNITED STATES MAGISTRATE JUDGE

Date: December 13, 2010

## CERTIFICATE OF SERVICE

I hereby certify on December 13, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 13, 2010: **None.**

                                                           s/Michael E. Lang
                                                           Deputy Clerk to
                                                           Magistrate Judge R. Steven Whalen
                                                           (313) 234-5217