# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE PACKAGED ICE ANTITRUST LITIGATION | Case No. 08-MD-01952 |
| This document relates to: | Honorable Paul D. Borman |
| ALL INDIRECT PURCHASER ACTIONS | Magistrate Judge R. Steven Whalen |

**THE ARCTIC GLACIER ENTITIES' UPDATED LIST OF CONTROLLING AUTHORITY IN SUPPORT OF THEIR MOTION TO DISMISS THE INDIRECT PURCHASERS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

In accordance with this Court's February 11, 2011 Order setting oral argument on the defendants' motions to dismiss the indirect purchasers' amended class action complaint, Defendants Arctic Glacier Income Fund, Arctic Glacier Inc., and Arctic Glacier International Inc. hereby submit an updated list of controlling or most appropriate authority. New cases are marked with an asterisk to the left of their title and, in accordance with the Court's February 11, 2011 Order, include "an explanatory parenthetical[.]"

The updated list of controlling or most appropriate authority begins on the following page.

CHI-1792580v1

## STATEMENT OF CONTROLLING AND MOST APPROPRIATE AUTHORITIES

*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

*Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975)

*In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098, 1106-07 (N.D. Cal. 2007)

*In re Flonase Antitrust Litig.*, 610 F. Supp. 2d 409, 418-19 (E.D. Pa. 2009)

\**In re Florida Cement & Concrete Antitrust Litig.*, 2010 WL 4136306, at *8-22 (S.D. Fla. **Oct. 12, 2010**) (granting in part a Rule 12(b)(6) motion to dismiss indirect purchasers' complaint because allegations of parallel price increases, market conditions that were explainable by legitimate business motivations, the existence of swap agreements between defendants, a pending government investigation, and the existence of an "opportunity to conspire" at trade association meetings did not suggest the existence of an agreement to fix prices among all defendants during the entire class period)

*In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1023 (N.D. Cal. 2007)

*Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1997)

*In re K-Dur Antitrust Litig.*, 2008 WL 2660780, at *4-5 (D.N.J. Feb. 28, 2008)

*Lewis v. Casey*, 518 U.S. 343, 357 (1996)

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)

\**Morning Star Packing Co. v. SK Foods, L.P.*, 2010 WL 472087, at *6 (E.D. Cal. **Nov. 17, 2010**) (granting a motion to dismiss plaintiffs' claims for injunctive relief for lack of Article III standing because "[p]ast exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects" and because "[o]nce a plaintiff has been wronged, he is entitled to injunctive relief only if he can show that he faces a real or immediate threat . . . that he will again be wronged in a similar way") (citations omitted)

\**In re Plavix Indirect Purchaser Antitrust Litig.*, 2011 WL 335034, at *4 (S.D. Ohio **Jan. 31, 2011**) (dismissing indirect purchaser plaintiffs' claim for injunctive relief under the Clayton Act because they "provide[d] no factual basis for their claims that there is any kind of threatened violation on the part of Defendants" and because there was no "threatened conduct that will cause loss or damage" in the future)

1

*In re Potash Antitrust Litig.*, 2009 WL 3583107, at *10 (N.D. Ill. Nov. 3, 2009)

*Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1280 (11th Cir. 2000)

*Rosen v. Tenn. Comm'r of Fin. & Admin.*, 288 F.3d 918, 928 (6th Cir. 2008)

\**Sharara v. Bank of America, N.A.*, 2010 WL 707375, at *3 (E.D. Mich. **Feb. 23, 2010**) (dismissing certain claims as time-barred and rejecting plaintiff's claim of fraudulent concealment because "[p]laintiff must allege more than the underlying acts allegedly giving rise to the claims to state a claim of fraudulent concealment")

\**Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 2010 WL 3527601, at *16, 22, 24-25, 29, 34-35, 37, 44-45, 47-48, 53, 56 (E.D. Pa. **Sept. 7, 2010**) (holding that certain indirect purchaser plaintiffs' state-law consumer-protection claims were barred for failure to plead deceptive or unconscionable conduct, reliance by the plaintiffs, or other special pleading requirements of state law; that plaintiffs could not bring unjust-enrichment claims in states that "explicitly disallow indirect purchasers from pursuing antitrust or consumer protection claims"; and that certain other unjust-enrichment claims were barred by plaintiffs' failure to allege the conferral of a direct benefit)

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 108-09 (1998)

\**In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2010 WL 2609434, at *3 (N.D. Cal. **June 28, 2010**) (granting a motion to dismiss the indirect purchasers' complaint under *Twombly* and Rule 12(b)(6) and further ordering plaintiffs to re-plead their state-law claims because "to invoke the various state laws at issue, plaintiffs must be able to allege that the occurrence or transaction giving rise to the litigation – plaintiffs' purchases of allegedly price-fixed goods – occurred in the various states")

*United States v. W.T. Grant Co.*, 345 U.S. 629, 630-31 (1953)

\**Warrier Sports Inc. v. NCAA*, 2010 US App. LEXIS 17650, at *3 (6th Cir. **Aug. 20, 2010**) (affirming the denial of a motion for judgment on the pleadings and holding that plaintiff's "failure to allege an injury to competition dooms its Sherman Act claim as a matter of law")

*In re Wellbutrin XL Antitrust Litig.*, 2009 WL 2356864, at *2 (E.D. Pa. July 30, 2009)

\**White v. United States*, 601 F.3d 545, 554 (6th Cir. **April 9, 2010**) (affirming a district court's decision that plaintiffs lacked standing to seek injunctive relief because their claimed injuries were too speculative and remote to confer standing)

2

Dated: February 18, 2011                                   Respectfully submitted,

                                                           s/ Paula W. Render
                                                           Paula W. Render (prender@jonesday.com)
Howard B. Iwrey (P39635)                                   Melissa B. Hirst (mbhirst@jonesday.com)
hiwrey@dykema.com                                          JONES DAY
Lisa A. Brown (P67208)                                     77 West Wacker Drive, Suite 3500
lbrown@dykema.com                                          Chicago, IL 60601
DYKEMA                                                     (312) 782-3939
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan  48304                          John M. Majoras (jmajoras@jonesday.com)
(248) 203-0526                                             JONES DAY
                                                           51 Louisiana Avenue
Robert S. Walker (rswalker@jonesday.com)                   Washington, D.C. 20001
JONES DAY                                                  (202) 879-7652
North Point, 901 Lakeside Ave.
Cleveland, OH  44114-1190                                  Eric P. Enson (epenson@jonesday.com)
(216) 586-3939                                             JONES DAY
                                                           555 South Flower St.
                                                           Los Angeles, CA
                                                           (213) 489-3939

Attorneys for Defendants Arctic Glacier Income Fund, Arctic Glacier Inc., and
Arctic Glacier International Inc.

3

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2011, I electronically filed the attached document, **The Arctic Glacier Entities' Updated List of Controlling Authority in Support of Their Motion To Dismiss the Indirect Purchasers' Consolidated Amended Class Action Complaint**, on behalf of Defendants Arctic Glacier Income Fund, Arctic Glacier Inc., and Arctic Glacier International Inc. using the ECF system, which will send notification of such filing to all counsel of record.

s/ Paula W. Render
*Counsel for the Arctic Glacier Entities*

CHI-1792580v1