UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| IN RE PACKAGED ICE ANTITRUST LITIGATION | : : : : | Case Number: 08-MD-01952 |
|  | : : : | Honorable Paul D. Borman |
| THIS DOCUMENT RELATES TO ALL ACTIONS | : : : : | |

**NOTICE OF WITHDRAWAL OF CERTAIN CLAIMS**

In connection with the Motion of Home City Ice and Arctic Glacier to Dismiss the Indirect Purchasers' Amended Class Action Complaint (Dkt. #208) and Reddy Ice Holdings, Inc. and Reddy Ice Corporation's Motion to Dismiss the Indirect Purchaser Plaintiffs' Consolidated Amended Class Action Complaint (Dkt. #207), the Indirect Purchaser Plaintiffs ("Plaintiffs") respectfully submit this notice that they withdraw (without prejudice) the claims set forth below (the "Withdrawn Claims"). They abandon the Withdrawn Claims even though Plaintiffs believe the Amended Class Action Complaint states a claim upon which relief may be granted for each of them.

Each of the Withdrawn Claims is the subject of either or both of the motions to dismiss (Dkt. #207 & #208). Accordingly, Plaintiffs should not be required to make a motion to effectuate their dismissal. *See In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp.2d 538, 578 n.47 (M.D. Penn. 2009) (dismissing without prejudice – over defendants' objections – certain claims that plaintiffs sought to withdraw after motions to dismiss were filed).[1]

---

[1] Alternatively, Plaintiffs respectfully request that the Court treat this notice as a motion to dismiss the Withdrawn Claims without prejudice pursuant Fed. R. Civ. P. 15. *See Gronholz v. Sears Roebuck & Co.*, 836 F.2d 515, 517 (Fed. Cir. 1987) ("a plaintiff's motion to dismiss a

The Withdrawn Claims are set forth below.

1.      Plaintiffs withdraw the following statutory claims:

- Arizona (Consumer Protection Act, Ariz. Rev. Stat. Ann. § 44-1522);

- District of Columbia (Consumer Protection and Procedures Act, D.C. Code Ann. § 28-3904);

- Idaho (Consumer Protection Act, Idaho Code § 48-603);

- Kansas (Unfair Trade and Consumer Protection Act, Kan. Stat. Ann. § 50-626);

- Maine (Unfair Trade Practices Act, ME Rev. Stat. Ann., Tit. 5, § 207);

- Michigan (Consumer Protection Act, Section 11, Mich. Comp. Laws Ann. §445.911);

- Nebraska (Consumer Protection Act, Neb. Rev. Stat. § 59-1602);

- New Jersey (Consumer Fraud Act, N.J.S.A. 56:8-2);

- New Mexico (Unfair Trade Practices Act, N.M. Stat. Ann. § 57-12-3);

- New York (Consumer Protection from Deceptive Acts and Practices Law, N.Y. Gen. Bus. Law § 349(a)).

- North Carolina (Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1);

- North Dakota  (Unfair Trade Practices Law, N.D. Cent. Code, § 51-15-02);

- Pennsylvania (Unfair Trade Practices and Consumer Protection Law, 73 Stat. Ann. § 201-3);

single claim of a multi-count complaint is properly treated as an amendment under Fed. R. Civ. P. 15").

- Rhode Island (Deceptive Trade Practices Act, R.I. Gen. Laws § 6-13.1-2);

- South Dakota (Unfair Practices and Consumer Protection Law, S.D. Codified Laws Ann. § 37-24-6).[2]

2.     Plaintiffs withdraw their claims for unjust enrichment under the laws of Alabama, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maryland, Missouri, New Jersey, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, Texas, Virginia and Washington.

3.     For the sake of clarity, Plaintiffs continue to pursue the following statutory claims:

- Arizona (Uniform State Antitrust Act, Ariz. Rev. Stat. Ann. § 44-1402);

- Arkansas (Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-107(a));

- Arkansas (Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-108);

- California (Cartwright Act, Cal. Bus. & Prof. Code § 16722);

- California (Cartwright Act, Cal. Bus. & Prof. Code § 16726);

- District of Columbia (Antitrust Act, D.C. Code Ann. § 28-4502);

- Florida (Deceptive & Unlawful Trade Practices Act, Fla. Stat. § 501.204);

- Iowa (Competition Law § 553.4);

- Kansas (Restraint of Trade Act, Kan. Stat. Ann. § 50-112);

- Maine (ME Rev. Stat. Ann., Tit. 10, § 1101);

---

[2] Plaintiffs withdrew their claims for violations of N.H. Rev. Stat. Ann. § 356:2 and Mont. Code Ann. § 30-14-205 in their Brief In Opposition to Defendants' Motions To Dismiss Their Amended Class Action Complaint. (Dkt. #222 at 34 n.13).

- Michigan (Antitrust Reform Act, Section 2, Mich. Comp. Laws Ann. § 445.772);

- Minnesota (Antitrust Law, Minn. Stat. § 325D.51);

- Mississippi (Miss. Code Ann. § 75-21-1);

- Montana (Unfair Trade Practices and Consumer Protection Act, Mont. Code Ann.§ 30-14-103);

- Nebraska (Junkin Act, Neb. Rev. Stat. § 59-801);

- Nebraska (Consumer Protection Act, Neb. Rev. Stat. § 59-1603);

- Nevada (Unfair Trade Practices Act, Nev. Rev. Stat. § 598A.06);

- New Hampshire (N.H. Rev. Stat. Ann. § 358-A:2);

- New Mexico (Antitrust Reform Act, N.M. Stat. Ann. § 57-1-1);

- New York (Donnelly Act, N.Y. Gen. Bus. Law § 340(1));

- North Carolina (N.C. Gen. Stat. § 75-1);

- North Dakota  (Uniform State Antitrust Act, N.D. Cent. Code, § 51-08.1-02);

- South Dakota (Antitrust Law, S.D. Codified Laws Ann. § 37-1-3.1);

- Tennessee (Trade Practices Act, Tenn. Code Ann. § 47-25-102);

- Utah (Consumer Protection Sales Practices Act, Utah Code Ann. § 13-11-4);

- Utah (Consumer Protection Sales Practices Act, Utah Code Ann. § 13-11-5);

- Vermont (Vermont Consumer Fraud Act, 9 Vt. Stat. Ann. § 2453);

- West Virginia (Antitrust Act, W.Va. Code § 47-18-3);

- Wisconsin (Antitrust Act, Wis. Stat. Ann. § 133.03);

- Wyoming (Wyo. Stat. Ann. § 40-4-1).

4.      For the sake of clarity, Plaintiffs continue to pursue claims for unjust enrichment under the laws of Arizona, Arkansas, California, District of Columbia, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Utah, Vermont, West Virginia, Wisconsin and Wyoming.


Dated: February 28, 2011                    Respectfully submitted,

                                            s/ Matthew S. Wild
                                            Wild Law Group PLLC
                                            178 Myrtle Boulevard, Suite 104
                                            Larchmont, New York 10538
                                            (914) 630-7500 (phone)
                                            (914) 358-6453 (fax)
                                            mwild@wildlawgroup.com

                                            Max Wild
                                            Wild Law Group PLLC
                                            98 Distillery Road
                                            Warwick, New York 10990
                                            (845) 986-6931 (phone)
                                            max.wild@wildlawgroup.com

                                            and

                                            John M. Perrin
                                            Wild Law Group PLLC
                                            27735 Jefferson Avenue
                                            Saint Clair Shores, MI 48081-1309
                                            (586) 773-9500 (phone)
                                            (586) 773-3475 (fax)
                                            jperrin@wildlawgroup.com

                                            Interim Lead and Liaison Counsel
                                            for the Indirect Purchaser Class