UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE PACKAGED ICE ANTITRUST LITIGATION | Case Number: 08-MD-01952<br>Honorable Paul D. Borman |

DECLARATION OF CHRISTINE A. VARNEY IN SUPPORT OF THE UNITED STATES' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL THE UNITED STATES DEPARTMENT OF JUSTICE TO PRODUCE CERTAIN TAPE RECORDINGS AND VERBATIM TRANSCRIPTS

I, Christine A. Varney, hereby declare as follows:

1. I am the Assistant Attorney General for the Antitrust Division of the United States Department of Justice. I became the Assistant Attorney General for the Antitrust Division on April 21, 2009. I also served as a Commissioner of the Federal Trade Commission from October 1994 until August 1997 and was engaged in the private practice of law from 1997 until my appointment as Assistant Attorney General.

2. As Assistant Attorney General for the Antitrust Division, I oversee and direct the Antitrust Division, which is responsible for enforcing the federal antitrust laws and other laws relating to the protection of competition and the prohibition of restraints of trade and monopolization. The Antitrust Division enforces these laws through both civil and criminal proceedings. Among other things, the Division is authorized to conduct investigations, pursue

criminal prosecutions, and collect fines, penalties, judgments, and forfeitures arising in antitrust cases.

3. I make this declaration in support of The United States' Opposition to Plaintiffs' Motion to Compel the United States Department of Justice to Produce Certain Tape Recordings and Verbatim Transcripts. The statements made in this declaration are based upon my personal knowledge, upon information made available to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

4. Through the exercise of my official duties, I am familiar with the subpoena served on the United States Department of Justice on January 25, 2011 directing the Department to produce various recordings of conversations and any transcripts of those conversations. In addition, I have also reviewed the declarations being submitted to this Court by Kevin C. Culum and Deborah A. Farren. I adopt those declarations as a thorough and accurate recitation of the Antitrust Division's policies and procedures in grand jury investigations, the facts relevant to the instant motion, and the harm that could result if the recordings and transcripts at issue in this case were released to plaintiffs.

5. I have been specifically delegated authority to assert applicable privileges in this case by the Deputy Attorney General who is authorized pursuant to Department of Justice regulations to determine whether information will be withheld in response to a demand to produce that information in federal and state proceedings. *See* 28 C.F.R. §§ 16.21-16.29. That delegation provides that any assertion of privilege be in accordance with the guidelines established in 28 C.F.R. § 16.26. Pursuant to this authority, I previously declined to authorize the release of any material from the Antitrust Division's packaged ice investigation to the plaintiffs who have filed a motion to compel in this Court. A copy of that decision is attached to the response brief of the United States as Exhibit A.

6. Based on my knowledge of the facts and circumstances of this case as well as the information now contained in the Culum and Farren declarations, I concluded that the recordings and transcripts sought by plaintiffs should be withheld for a number of reasons.

7. I determined that the recordings and transcripts should be withheld because disclosure would reveal confidential sources, and the investigative agency, in this case the FBI, objects to disclosure. The recordings and transcripts clearly would reveal confidential sources, that is, the individuals who assisted in the recording of the conversations, and the information they provided. I know of no source in this matter who has waived objection to our disclosure of the recordings and transcripts. Moreover, a source cannot waive objections under the Privacy Act, discussed in paragraph 13 below, as to the disclosure of the identity of other individuals who are participants in the recorded conversations or who are referenced in the recorded conversations and cannot waive disclosure of the content of the conversations relating to those other individuals. Thus, under 28 CFR 16.26(c) and (b)(4), I was required to disapprove disclosure unless I determined that the administration of justice required disclosure. Based on my knowledge that Home City Ice has been cooperating with plaintiffs and providing evidence relevant to their case, that plaintiffs could interview or depose several people involved in these recordings about the conversations at issue and collusion in the packaged ice industry, that the recordings contain information about persons who were under investigation but never charged, as well as rumor and hearsay about other individuals who were never charged, and that the recordings have never been played in public, and based on the interests of the Division in maintaining confidentiality of sources, I determined that the administration of justice did not require disclosure in this case.

8. I also determined that disclosure of the subpoenaed material would reveal investigatory records compiled for law enforcement purposes, and that production of this material would disclose investigative techniques and procedures the effectiveness of which could thereby be impaired. Thus, under 28 CFR 16.26(c) and (b)(5), I was required to disapprove disclosure unless I determined that the administration of justice required disclosure. For the same reasons as discussed in paragraph 7 above, I determined that the administration of justice did not require disclosure in this case.

9. I also determined that disclosure was unwarranted after considering the appropriateness of disclosure under the rules of procedure governing the private party case and the appropriateness of disclosure under the relevant privileges. Specifically, I found that the investigative files privilege and the work product doctrine dictated that disclosure was unwarranted.

10. All of the recordings and transcripts plaintiffs seek were made during the course of a grand jury investigation for law enforcement purposes and are part of the investigatory file pertaining to the Division's packaged ice investigation. The requested recordings have never been played in public and contain information about persons who were under investigation and details about our investigation that have not been made public. Disclosure of the requested recordings and transcripts would also reveal rumor and hearsay about other individuals whose names are mentioned in the recordings but who were never charged with any offense and other information that should remain confidential.

11. In reaching my conclusion that the recordings and transcripts are privileged and should be withheld from disclosure by the law enforcement investigatory privilege, I have considered not only the potential harm from disclosure of the recordings and transcripts, but also

the nature of plaintiffs' litigation and their allegations concerning their need for the recordings and transcripts. I have been informed that Home City Ice has been cooperating with plaintiffs and providing evidence relevant to their case. Moreover, plaintiffs could interview or depose several people involved in these recordings about the conversations at issue and collusion in the packaged ice industry. Under these circumstances, plaintiffs' need for the recordings and transcripts is outweighed by the potential harm from disclosure.

12. In addition, the recordings and transcripts made by the Division are also protected from disclosure by the work product doctrine. The recordings and transcripts were created during the course of a grand jury investigation by Division attorneys and their staff for use by Division attorneys in that investigation and any resulting criminal prosecutions. The recordings and transcripts reflect the staff attorneys' efforts at investigating and preparing a case, including their pattern of investigation, assembling of information, determination of the relevant facts, and planning of strategy. The strategies used in past successful investigations are often used in future investigations. Thus, the disclosure of past investigation strategy could be very harmful to the future investigations of the Department.

13. Finally, I determined that the recordings and transcripts should be withheld because disclosure would violate the Privacy Act, 5 U.S.C. § 552a. The recordings and transcripts are protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, which prohibits the disclosure of records maintained by a government agency that contain certain information about an individual, including the individual's name and criminal or employment history. The recordings and transcripts contain the names of individuals who were investigated but not charged, information about possible criminal conduct of those individuals, the names of individuals who cooperated in our grand jury investigation, and the names of individuals who were not even subjects of the investigation. As such, I determined that disclosure of this information would be in violation of

5

the Privacy Act and thus, under 28 CFR 16.26(c) and (b)(1), I was required to disapprove disclosure. In my Decision, I reserved the right to assert further objections in response to the subpoena as appropriate.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*Christine A. Varney*
Assistant Attorney General
Antitrust Division

Executed on this 28 day of March, 2011.