UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE PACKAGED ICE ANTITRUST
LITIGATION                                    Case No. 08-MD-01952

                                              Paul D. Borman
THIS ORDER RELATES TO:                        United States District Judge
DIRECT PURCHASERS ACTION
_____/

## SECOND ORDER , POST *IN CAMERA* REVIEW, REQUIRING PRODUCTION OF CERTAIN RECORDINGS/TRANSCRIPTS, SUBPOENAED BY THE DIRECT PURCHASER PLAINTIFFS, NOT PROTECTED BY STATUTE, PRIVILEGE OR THE WORK PRODUCT DOCTRINE

Subject to the terms of the Protective Order, as proposed by the Department of Justice ("DOJ"), and agreed to by the Direct Purchaser Plaintiffs, the Arctic Glacier Defendants, the Reddy Ice Defendants and the Home City Defendants, entered by the Court on July 26, 2011 (copy attached), the following recordings and transcripts thereof are hereby ordered to be produced by the DOJ to the Direct Purchaser Plaintiffs:

PIL Nos. 1-12, 14-22, 24-35, (36 and 37 wrong numbers dialed), 39, 41-65, 67-73.

One of the tapes withheld required minimal redaction due to brief profanity and brief discussion regarding an individual's gambling issue. The Defendants Reddy Ice, Arctic Glacier and Home City, at their own expense, can obtain from the Direct Purchaser Plaintiffs copies of the recordings and/or transcripts that the Court Orders to be produced.

Because of problems with a few of the tapes which therefore have not yet been reviewed by the Court, this remains a "Rolling Order;" the few additional recordings will be produced as the

Court completes its *in camera* review.[1]

IT IS SO ORDERED.

PAUL D. BORMAN
UNITED STATES DISTRICT COURT

Dated: 10-24-11

---

[1] On June 9, 2011, the Government, in response to the Court's May 10, 2011 Order granting Direct Purchaser Plaintiffs' motion to compel production of certain recordings (Dkt. No. 263), produced to the Court for *in camera* inspection many tape recordings and transcripts of some of those recordings. The Government also produced a log.

The Government log stated that the Government had three additional transcripts of recordings, two involving Thomas Sedler of Home Ice and then-Reddy Ice executive Ben Key (persons mentioned in the original subpoena), and another between Sedler and another Reddy Ice executive, that were not-then provided to the Court because, in the Government's view, they were not responsive to Plaintiffs' subpoena. The Government did note, however, that these three recordings had been listened to by counsel for Reddy Ice.

The Court assumes that the Government noted the existence of these three tapes to evidence its concern with regard to being held responsible for withholding evidence relevant to the instant proceedings, in particular because one party to the proceedings had been made privy to the tapes but others had not. The Government has expressed a similar awareness of the potential for unfairness, there impacting the Defendants with "unequal" disclosure, in its consolidated response to the Defendants' motions for equal access to any transcripts or recordings ordered by the Court to be produced to the Plaintiffs. (Dkt. No. 372.)

The Court notes this disclosure of the three tapes, has listened to them, and agrees with the Government that these recordings are not responsive to the specific requests contained in Plaintiffs' subpoena.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE PACKAGED ICE ANTITRUST LITIGATION | : Case Number: 08-MD-01952 |
| | : HONORABLE PAUL D. BORMAN |
| THIS DOCUMENT RELATES TO: ALL DIRECT PURCHASER ACTIONS | : |

PROTECTIVE ORDER CONCERNING
TAPE RECORDINGS AND TRANSCRIPTS

On May 10, 2011, this Court ordered the Department of Justice, Antitrust Division

("DOJ"), to produce to the Court for *in camera* review tape recordings ("DOJ recordings") and

transcripts that were requested in a January 24, 2011, subpoena issued by direct purchaser

plaintiffs. In the event that, after the *in camera* review, the Court orders certain DOJ recordings

and/or transcripts to be disclosed to the direct purchaser plaintiffs or to any additional party that

has received an Order allowing equal access to such recordings and/or transcripts (hereinafter

"the parties"), it is hereby ORDERED that the following provisions shall govern the use of

those recordings and/or transcripts, any portions of documents that contain quotations,

paraphrases, or summaries of information contained in the recordings or transcripts, and any

copies of the preceding materials by the parties and all other persons or entities subject to this

Protective Order as identified in Paragraph 4.

Scope of Order

1. This Protective Order applies to the following materials: all DOJ recordings

produced to the parties; all transcripts produced to the parties; all portions of documents that

contain quotations, paraphrases, or summaries of information contained in the recordings or

transcripts, including notes and other transcripts; and all copies of any of the aforementioned

materials (collectively "DOJ Materials").

<u>Use of DOJ Materials</u>

2. The parties, and all other persons or entities subject to this Protective Order as identified in Paragraph 4, may not use the DOJ Materials for any purpose other than a proper purpose under the Federal Rules of Civil Procedure and the Federal Rules of Evidence in connection with the prosecution or defense of the following, unless specific, written authorization is provided by the DOJ:

> (a) the consolidated direct purchaser action contained in 08-MD-01952 (captioned "In re Packaged Ice Antitrust Litigation");
>
> (b) the individual direct purchaser cases that make up 08-MD-01952;
>
> (c) any case designated as a direct purchaser "tagalong" case to 08-MD-01952; or
>
> (d) any appeal of the cases described in categories (a) through (c) above.

Nothing in this Protective Order applies to or prevents any use by DOJ of the DOJ Materials.

3. The parties, and all persons or entities subject to this Protective Order as identified in Paragraph 4, are expressly prohibited from disclosing the DOJ Materials in any public forum, other than in the manner authorized by this Protective Order in the litigation identified in paragraph 2.

<u>Disclosure of the DOJ Materials</u>

4. The DOJ Materials may be disclosed only to the following: (a) the parties' outside attorneys (including legal assistants, secretaries, and other office employees); (b) in-house counsel for the parties; (c) experts (including assistants, staff, secretaries, and other personnel working with the expert) retained or consulted by the parties; (d) the Court and its official

personnel, including special masters, mediators, court reporters, and Court staff; (e) litigation

support vendors, including document copying services; (f) actual or proposed witnesses in the

proceedings identified in paragraph 2, provided that either: (i) the witness made, participated in,

or is referenced in, the particular taped conversation or transcript that is disclosed to the witness;

or (ii) the particular taped conversation or transcript disclosed to the witness is being used to

refresh the witness's recollection, or to impeach the witness; and (g) any other such person at the

request of a party, provided that counsel for the DOJ agrees in writing (identifying such person

by name) in advance of such disclosure. Each person to whom DOJ Materials are disclosed shall

first be shown a copy of this Order and shall agree to be bound by its terms.

### Pleadings Containing DOJ Materials

5.  Any person wishing to file the DOJ Materials or documents containing information

obtained from the DOJ Materials with a court in any of the litigation identified in Paragraph 2 is

authorized to file such material or information under seal, following the procedures of the

pertinent district.

### Use of the DOJ Materials at Trial

6.  If a hearing or trial is scheduled at which any party anticipates the disclosure of the

DOJ Materials in open court, the parties shall confer ahead of time in good faith to determine a

method for discussing and/or introducing into evidence the DOJ Materials. The parties shall

submit their proposed method to the Court for approval.

### Inadvertent Productions

7.  If the DOJ Materials are disclosed to any person other than in the manner authorized

by this Protective Order, the party responsible for the disclosure shall, immediately upon

learning of such disclosure, inform the DOJ and any other party to this litigation of the

disclosure, and make every effort to retrieve the DOJ Materials and to prevent any disclosure by such unauthorized person.

### Subpoenas in Other Cases

8.  If any person or entity possessing DOJ Materials, other than DOJ or its personnel, is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand requests the production of the DOJ Materials, the person receiving the subpoena or document demand shall give prompt written notice to counsel for the DOJ, and shall, to the extent permitted by law, court rule, or court order, withhold production of the requested DOJ Materials until the DOJ permits production, or until a court of competent jurisdiction orders otherwise.

### Return of DOJ Materials

9.  Within 30 days of the final disposition as to a party who received DOJ Materials of all the actions referred to in Paragraph 2, including all appeals, whether by judgment, settlement, or otherwise, that party must (a) return at its expense all DOJ recordings, all transcripts of such recordings, and all copies of such recordings and transcripts in its possession or in the possession of persons or entities to whom it disclosed such material under Paragraph 4 to the DOJ, specifically to Scott M. Watson, Chief, Cleveland Field Office, United States Department of Justice, Antitrust Division, Carl B. Stokes United States Courthouse, 801 W. Superior Ave., 14th Floor, Cleveland, OH 44113-1857, and (b) certify to DOJ, specifically to Scott M. Watson, that all portions of documents that contain quotations, paraphrases, or summaries of information contained in the recordings or transcripts other than transcripts returned to DOJ, and all copies of such documents that were in the possession of that party or in the possession of persons or entities to whom that party disclosed such documents under Paragraph 4 have been destroyed. A

"final disposition" of the actions referred to in Paragraph 2 shall not include an order from the MDL Court directing that each individual case be returned to the district where it originated for trial.

10. Notwithstanding the provisions of paragraph 9, outside counsel may retain a copy of any document filed with the Court, subject to restrictions contained in paragraphs 2 through 8 and 11 of this Order.

11. This Protective Order shall survive the termination of this litigation and the Court shall retain continuing jurisdiction to enforce its terms.

SO ORDERED.

Dated: June ___, 2011

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Approved as to form and substance:

Counsel for
Direct Purchaser Plaintiffs

Counsel for
Arctic Glacier, Inc., et al.

s/Robert J. LaRocca (w/consent)
Robert J. LaRocca
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
215-238-1700
rlarocca@kohnswift.com

s/Paula W. Render (w/consent)
Paula W. Render
Jones Day
77 W. Wacker
Suite 3500
Chicago, IL 60601
prender@JonesDay.com

Counsel for                              Counsel for
Reddy Ice Corp., et al.                  Home City Ice Company

s/David H. Bamberger (w/consent)         s/Michael A. Roberts (w/consent)
David H. Bamberger                       Michael A. Roberts
DLA Piper US, LLP                        Graydon Head & Ritchey, LLP
500 8th Street, NW                       511 Walnut Street
Washington, D.C.  20004                  Suite 1900
david.bamberger@dlapiper.com             Cincinnati, OH 45202
                                         Mroberts@Graydon.com


For the United States:

BARBARA L. McQUADE
United States Attorney

s/Lynn M. Dodge
Lynn M. Dodge (P38136)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan  48226
(313) 226-0205
lynn.dodge@usdoj.gov