UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE PACKAGED ICE ANTITRUST
LITIGATION

INDIRECT PURCHASER ACTION

Case No. 08-md-01952

Paul D. Borman
United States District Judge

_____

ORDER DENYING INDIRECT PURCHASER PLAINTIFFS' MOTION FOR
REHEARING OR RECONSIDERATION (DKT. NO. 412)

On December 12, 2011, this Court issued an Opinion and Order Granting in Part and

Denying in Part Defendants' Motions to Dismiss the Indirect Purchasers' Consolidated Class Action

Complaint. (Dkt. No. 405.) On December 27, 2011, the Indirect Purchaser Plaintiffs (IP Plaintiffs)

filed a Motion for Rehearing or Reconsideration, asking this Court to reconsider the aspect of its

December 12, 2011 Opinion and Order that dismissed Count Seventeen of the IP Plaintiffs'

Consolidated Class Action Complaint ("CCAC"). For the reasons that follow, the Court DENIES

IP Plaintiffs' motion for reconsideration.

Motions for reconsideration are governed by E.D. Mich. LR 7.1(h)(3), which states in

pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant
> motions for rehearing or reconsideration that merely present the same issues ruled
> upon by the court, either expressly or by reasonable implication. The movant must
> not only demonstrate a palpable defect by which the court and the parties and other
> persons entitled to be heard on the motion have been misled but also show that
> correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable,

manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct actual defects in the court's opinion." *Oswald v. BAE Industries, Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010). *See also Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ("It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided.").

IP Plaintiffs are correct in their interpretation that the Court's December 12, 2011 Opinion and Order dismissed Count Seventeen of the CCAC on the ground that no named Plaintiff in the CCAC had adequately alleged that they resided in or purchased packaged ice in the State of Kansas.[1] The Court's ruling that IP Plaintiffs in the CCAC could not retroactively create jurisdiction, by adding Plaintiff Spellmeyer to their CCAC for purposes of pursuing a claim under Kansas law, had no effect on the Spellmeyer action that was transferred to this Court, and is properly before this Court for pre-trial proceedings, pursuant to transfer by the Joint Panel on Multidistrict Litigation ("JPML") on June 5, 2008. (Dkt. No. 356, Conditional Transfer Order (CTO-5), transferring *Spellmeyer v. Corbin*, E.D. Mi. No. 11-11836, from the United States District Court for the District of Kansas.)

IP Plaintiffs have provided the Court with no authority, and the Court is aware of none, that

---

[1] The Court's December 12, 2011 Opinion and Order expressly held that, apart from Counts I, II, V, VI, VII, IX and X of the CCAC, "[t]he remaining Counts of the CCAC are dismissed without prejudice." (Dkt. No. 405, p. 21.) Accordingly, the Order did dismiss Count Seventeen and Count Eighteen of the CCAC (on behalf of proposed plaintiff Winnig under the laws of Mississippi), although neither was mentioned individually earlier in the Court's Opinion.

would permit the Court to disregard the separately filed and consolidated *Spellmeyer* action, which is before the Court for pre-trial purposes only and will ultimately be remanded to the Kansas transferor court upon conclusion of these consolidated proceedings, and to permit IP Plaintiffs to "adopt" the *Spellmeyer* action as a basis for asserting a claim under Kansas law in their CCAC, thus accomplishing an end-run around this Court's rulings on the issue of standing. *See In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302, 1325 n.13 (S.D. Fla. 2010) (holding, with respect to an omnibus motion to dismiss all fifteen different consolidated MDL complaints, that a named plaintiff must reside in a given state in order to assert a statutory claim under the laws of that state and further insisting that "this requirement must be met *for each Complaint* [because] it is insufficient for Plaintiffs to assert that a certain state statutory claim in one Complaint should remain because a named plaintiff in another Complaint resides in that state") (emphasis in original).

Defendants in the instant case have moved to dismiss the CCAC filed on behalf of IP Plaintiffs *Acker*, *Simasko, Stanford, et al*. The Court's rulings with regard to these IP Plaintiffs' standing to assert various claims in their CCAC does not purport to speak to Spellmeyer's standing to assert his Kansas class action claim in his consolidated Kansas action. Several other indirect purchaser class actions that have been transferred to this Court by the JPML remain similarly unaffected at this point in the litigation. *See, e.g. Valencia v. Arctic Glacier, et al.*, E.D. Mich. No. 08-12642 (seeking certification of a Kansas class of indirect purchasers); *Gil v. Arctic Glacier, et al.*, E.D. Mich. No. 08-12910 (seeking certification of a Florida class of indirect purchasers); *Williams v. Arctic Glacier, et al.*, E.D. Mich. No. 08-13440 (seeking certification of an Arizona class of indirect purchasers); *Prazan v. Arctic Glacier, et al.*, E.D. Mich. No. 08-13446 (seeking certification of a Nebraska class of indirect purchasers); *Bryant v. Arctic Glacier, et al.*, E.D. Mich.

3

No. 08-13447 (seeking certification of a Tennessee class of indirect purchasers); *Taylor v. Arctic Glacier, et al.*, E.D. Mich. No. 08-13448 (seeking certification of a Wisconsin class of indirect purchasers); *Manry v. Arctic Glacier, et al.*, E.D. Mich. No. 08-14091 (seeking certification of a New Mexico class of indirect purchasers); *Rogers v. Arctic Glacier, et al.*, E.D. Mich. No. 11-12435 (seeking certification of an Arkansas class of purchasers).

IP Plaintiffs state in their motion for reconsideration that "Mr. Spellmeyer was not seeking to be added as a party like the other new plaintiffs in the CCAC.  His action is properly before the Court as part of the MDL process."  (Mot. Recon. 2, ¶ 4.)  IP Plaintiffs must appreciate, then, that Spellmeyer's action is before the Court as part of the MDL consolidation and transfer process, not as a Count in IP Plaintiffs' complaint.  MDL cases, "[w]hile effectively consolidated for pretrial purposes, [] retain separate and distinct identities in preparation for their eventual return to their home states."  *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liab. Litig.*, 785 F. Supp. 2d 925, 929 (C.D. Cal. 2011).  An MDL proceeding is "merely a collection of cases, combined to achieve efficiencies in pretrial proceedings.  MDL courts cannot lose sight of the separate and distinct nature of those actions."  *Id*. at 930.  IP Plaintiffs appear to the Court to fail to appreciate this fundamental aspect of this MDL proceeding.  IP Plaintiffs have not demonstrated any palpable error by which the Court or the parties were misled.  The Court properly dismissed Count Seventeen of the CCAC and DENIES IP Plaintiffs' motion for reconsideration. IT IS SO ORDERED.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  January 3, 2012

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 3, 2012.


S/Denise Goodine
Case Manager