UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE PACKAGED ICE ANTITRUST
LITIGATION

Case No. 08-md-1952

Paul D. Borman
United States District Judge

INDIRECT PURCHASER ACTION

_____/

OPINION AND ORDER
(1) DENYING INDIRECT PURCHASER PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF AMENDED AND RESTATED SETTLEMENT AGREEMENT DATED DECEMBER 11, 2015 AND FOR AUTHORIZATION TO DISSEMINATE NOTICE
(ECF NOS. 442, 520),
(2) DEEMING THE ORIGINAL MARCH 7, 2012 SETTLEMENT AGREEMENT, AS MODIFIED PURSUANT TO AN AGREEMENT DATED DECEMBER 20, 2012,
TO BE IN EFFECT AND FULLY ENFORCEABLE, AND
(3) REQUIRING THE SUBMISSION OF A REVISED MOTION FOR PRELIMINARY APPROVAL AND REVISED NOTICES

On August 2, 2016, the Court held a hearing on the Indirect Purchaser Plaintiff's Supplemental Motion for Preliminary Approval of Proposed Settlement With the Home City Ice Company and For Authorization to Disseminate Notice With Revised Notices and Proposed Allocation Plan. (ECF Nos. 442, 520.) Having heard oral argument on the motion, and having considered the written submissions, the Court DENIES the motion for the following reasons.

1

On December 11, 2015, Plaintiffs and Home City entered into an Amended and Restated Settlement Agreement Between Indirect Purchaser Plaintiffs and the Home City Ice Company. (ECF No. 520, Exhibit 2, Settlement Agreement) (the "Amended and Restated Settlement Agreement"). That Amended and Restated Settlement Agreement sought to significantly change the Parties' original March 7, 2012 Settlement Agreement, as modified pursuant to an agreement dated December 20, 2012 ("the Original Home City Settlement Agreement"). The 2015 Amended and Restated Agreement provides in part for a newly-defined Home City settlement class that closely mirrored the Settlement Class defined in the Stipulation and Agreement of Settlement entered into on May 8, 2012, in the Reddy Ice Texas bankruptcy proceedings, *see In re Reddy Ice Holdings, Inc. and Reddy Ice Corporation*, N.D. Tex. Bankr. No. 12-32349 (Dkt. No. 272-1) (Stipulation and Agreement of Settlement) (Jernigan, J), between the Plaintiffs and one group of bankrupt Defendants in this MDL action, Reddy Ice Holdings, Inc. and Reddy Ice Corporation ("Reddy Ice"). By aligning the settlement class definitions in the 2015 Amended and Restated Agreement, the parties apparently hoped to pave the way for a combination of the Reddy Ice and Home City settlement funds for claims processing and disbursement.

This Court was not involved in the Texas Bankruptcy Court's approval of the Reddy Ice settlement agreement or the process by which Notice of that settlement agreement was disseminated. That Reddy Ice settlement agreement defined the Settlement Class as "all persons or entities who purchased packaged ice indirectly from Defendants (defined below) and their parents or subsidiaries between January 1, 2001 and March 6, 2008.) (Dkt. No. 272-1 ¶ 1(c), N. D. Tex. Bankr. No. 12-32349). While the Reddy Ice Stipulation and Agreement of Settlement did not specify that the purchases must have been within the United States, the subsequently issued Notices did so specify. (N. D. Tex. Bankr. No. 12-32349, Dkt. No. 388, Declaration of Daniel Coggeshall Regarding Notice of Settlement.) The Reddy Ice settlement fund was initially $700,000 but now, attorneys' fees and various costs having been taken from the fund, it stands at approximately $300,000. The Reddy Ice Settlement Notices informed class members that no claims process or money was available at that time but that the Reddy Ice settlement monies may be combined with money from future settlements with other Defendants and disbursed pursuant to a claims process yet to be determined and approved by a court. (Coggeshall Decl. Ex. B, p. 3-4, ¶ 7.) As a result of the Reddy Ice Settlement Agreement, all Reddy Ice class members released all claims against Reddy Ice and gave up their right to sue Reddy Ice about the legal issues involved in the settlement. *Id.* ¶ 8. The Texas Bankruptcy Court had

provided class members 14 days to file any objections to the settlement. No objections were received.

Unlike the Reddy Ice Settlement Agreement, the Original Home City Settlement Agreement defined two distinct Settlement Classes: Class I, which included all indirect purchasers of packaged ice in the United States and Class II, which included only indirect purchasers from 28 listed states – those states in which Plaintiffs' Counsel had concluded that precedent existed for financial recovery by indirect purchasers under those states' antitrust, consumer protection or unjust enrichment laws. (ECF No. 442-2, Original Home City Settlement Agreement ¶¶ 11, 13; ECF No. 442, Motion for Preliminary Approval 10-11.) Class I settlement members were entitled to injunctive relief only while Class II settlement members were entitled to seek a monetary recovery from the $2.7 million settlement fund. *Id*. at 11.

At a status conference held in this Court on April 6, 2015, the Court inquired about the Plaintiffs' suggestion that the Reddy Ice settlement fund be combined with the Home City settlement fund, a concept that was proposed as a possibility to class members in the Reddy Ice Notices and which had some appeal given the relatively smaller Reddy Ice fund and the claims processing and disbursement costs that might be saved by combining the two funds for allocation and disbursement, thus preserving

a larger portion of the Reddy Ice for distribution to class members. Specifically, the Court inquired about the complications presented by the differing settlement class definitions in the two settlement agreements and asked Plaintiffs' counsel to provide the Court with some law on how such a combination could be accomplished. In response, on February 15, 2016, after the Court had to issue an Order to Plaintiffs' counsel to submit the long-awaited legal memorandum and Notice corrections discussed at the April 6, 2015 status conference, *see* ECF No. 516, Order Requiring Submission of Corrected Proposed Notices, Plaintiffs presented the Court not with the requested revised notices and a legal memorandum on the settlement class incompatibility issue but instead with a newly executed Amended and Restated Settlement Agreement between Plaintiffs and Home City that replaced the two-tier Home City settlement classes with a single class of all indirect purchasers of packaged ice in the United States that mirrored in large part the Reddy Ice settlement class, and sought to combine what remained of the Reddy Ice Settlement Fund with the Home City Settlement Fund for claims processing and disbursement. The Restated and Amended Settlement Agreement's proposed combination of the Reddy Ice fund with the Home City fund was conditioned upon approval by the judge presiding over the Texas bankruptcy proceedings. On March 28, 2016, Texas Bankruptcy Judge Stacey Jernigan approved Plaintiffs' request to combine the Reddy Ice settlement funds with

the Home City funds for claims processing and disbursement if this Court approved the combination proposal. (N. D. Tex. Bankr. No. 12-32349, Dkt. No. 789.)

Plaintiffs now appear before this Court seeking preliminary approval of the Amended and Restated Settlement Agreement and authorization to disseminate notice. Although this Court is very reluctant to further prolong these proceedings, it cannot in good conscience approve the Amended and Restated Settlement Agreement for a multitude of reasons.

As a result of combining the Reddy Ice and Home City settlement funds, Plaintiffs' counsel informed the Court at the August 2, 2016 preliminary approval hearing, it "occurred to him at some point" that Home City class members, who by definition were largely also members of the Reddy Ice settlement class, who would elect to opt-out of the monetary portion of the Home City settlement ought still to be entitled to a share of the Reddy Ice settlement fund. To address this "equitable" concern, Plaintiffs' counsel decided that each such individual who elected to opt-out of the Home City monetary settlement should be entitled to a $3 payment (apparently from the combined Home City/Reddy Ice settlement fund, as Plaintiffs' counsel informed the Court that there was no intention to keep separate track of disbursements from the two settlement funds). Indeed, Reddy Ice class members, none of whom were excluded from that settlement class, were informed through the Reddy Ice notice

and approval process that they ultimately would be entitled to participate in a claims process to seek their monetary recovery. When the Court inquired how Counsel arrived at the $3 figure, Counsel responded simply that the $3 payment to such an individual, which counsel explained was derived from calculating the approximate ratio of the Reddy Ice settlement fund ($700,000) to the Home City settlement fund ($2.7 million), approximately 25%, and applying that percentage to the $12 monetary award in the Home City claims process for a purchase of 6-12 bags of ice, seemed to him "equitable." The proposed addition of this $3 payment to the claims process also resulted in host of confusing language in the proposed Notices regarding a "more money" class and the opt-out class, members of which would be entitled only to a set payment of $3. The Court finds that Plaintiffs have provided an insufficient rationale for arriving at the $3 figure as a fair and equitable payment to a deserving Reddy Ice class member who has elected, for whatever reason, to exclude him or herself from the Home City settlement.

Counsel then suggested that this Court has the "discretion" to forego altogether any such payments to deserving Reddy Ice settlement class members who elect to opt-out of the monetary portion of the Home City settlement, but has provided no legal or equitable argument for such a "discretionary" act by this Court. This Court is unwilling to deprive members of the Reddy Ice settlement class of their share of the

Reddy Ice settlement fund simply because they may choose to exclude themselves from the separate Home City settlement. The potential for disenfranchising members of the Reddy Ice settlement class, who have been promised in the Reddy Ice settlement the right to participate in a monetary claims process, does not appear to be something rightfully within this Court's "discretion."

The matter of combining the Home City and Reddy Ice settlement funds had a laudable goal – to preserve as much of the dwindling Reddy Ice settlement fund as possible by coordinating the claims process with the process for distribution of the Home City settlement fund. But the Court concludes that in the final analysis the combination creates greater complications and potential inequities than first anticipated. Those complications, unfortunately, dwarf the benefits.

Accordingly, the Court Orders that the Parties shall revert to the original March 7, 2012 Settlement Agreement, as modified pursuant to an agreement dated December 20, 2012, and that agreement shall again become effective and fully enforceable, as contemplated by ¶ 56 of the Amended and Restated Settlement Agreement dated December 11, 2015, which the parties agreed at the August 2, 2016 preliminary approval hearing would be operative in the event that this Court did not approve the Amended and Restated Settlement Agreement. The Plaintiffs shall revise the proposed Notices, Website and Claim Form accordingly, removing all provisions that

were necessitated by the proposed combination the Home City and Reddy Ice settlement funds. Plaintiffs shall submit a revised motion for preliminary approval and authorization to disseminate notice, attaching the new revised the Notices, Website and Claim Form, which the Court will review on an expedited basis.

IT IS SO ORDERED.

                                              s/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: August 9, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 9, 2016.

                                              s/Deborah Tofil
                                              Case Manager